[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cox v. Dayton Pub. Schools Bd. of Edn.,* Slip Opinion No. 2016-Ohio-5505.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5505

COX, APPELLEE, *v.* DAYTON PUBLIC SCHOOLS BOARD OF EDUCATION, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cox v. Dayton Pub. Schools Bd. of Edn.,* Slip Opinion No. 2016-Ohio-5505.]

*Requirements for invoking the jurisdiction of a court of common pleas to vacate, modify, or correct an arbitration award under R.C. 2711.13—R.C. 2711.13 requires service as provided in Civ.R. 5(B)—R.C. 1.14, Civ.R. 6(A), and R.C. 1.45 are applied in determining whether motion to vacate, modify, or correct arbitration award was timely served.*

(No. 2015-0494—Submitted March 8, 2016—Decided August 25, 2016.)

APPEAL from the Court of Appeals for Montgomery County, No. 26382, 2015-Ohio-620.

_____

**O'NEILL, J.**

{¶ 1} In this discretionary appeal, we consider the requirements for invoking the jurisdiction of a court of common pleas to vacate, modify, or correct an arbitration award under R.C. 2711.13. On March 10, 2014, appellee, Georgia B. Cox, filed a motion to vacate, modify, or correct an arbitration award finding that there was just cause for her termination. The arbitration award was handed down on December 10, 2013. At the heart of this case is the question whether Cox timely served notice of her motion on the opposing party, her former employer, appellant, Dayton Public Schools Board of Education ("the BOE"). The BOE asks us to adopt the following proposition of law: "Notice of a petition seeking the vacation or modification of an arbitration award pursuant to R.C. Chapter 2711 must be received by the adverse party or its attorney within the statutory three month period contained in R.C. 2711.13." For the following reasons, we reject this proposition of law and affirm the judgment of the Second District Court of Appeals.

**Facts and Procedural History**

{¶ 2} Cox was an intervention specialist assigned to teach students in the special-education unit at Meadowdale High School, a facility in the Dayton public-school system. She was dismissed from the school campus and placed on administrative leave after allegedly hitting a student who had multiple physical and mental disabilities.[1] After a hearing on the incident, the BOE served Cox with a notice of intent to terminate her contract. The matter was submitted to arbitration in accordance with the labor agreement between the BOE and the Dayton Education Association ("the DEA"), the union representing Cox.

{¶ 3} The arbitrator conducted a hearing with Cox, the attorney for the DEA, and the attorney for the BOE present. On December 10, 2013, the arbitrator issued a decision finding just cause for terminating Cox. The arbitrator e-mailed a

---

[1] Cox was criminally prosecuted for the incident, and she was convicted of assault, a fourth-degree felony. *State v. Cox*, 2014-Ohio-2201, 12 N.E.3d 466 (2d Dist.).

copy of the decision to the attorneys for the BOE and DEA on December 10, 2013, but Cox was not included as a recipient of the e-mail. On December 18, 2013, the BOE passed a formal resolution adopting the arbitrator's decision and directing Cox to be served with a copy of the order by certified mail. There is no evidence in the record establishing when Cox actually received a copy of the arbitrator's decision or who sent it. Cox explained at oral argument that she received a copy by e-mail from some person other than the arbitrator, the BOE, or the DEA.

{¶ 4} Cox filed a motion in the Montgomery County Common Pleas Court to vacate, modify, or correct the arbitration decision on March 10, 2014. At that time, she requested that the clerk of courts serve the BOE, and the court's docket indicates that a copy of the motion was sent to the BOE by certified mail that day. The BOE received that copy of the motion on March 12, 2014. The BOE submitted a date-stamped envelope showing that Cox sent a second copy of the motion to the attorney for the BOE by certified mail on March 11, 2014. The second copy was received on March 13, 2013.

{¶ 5} The BOE responded with a motion to dismiss, arguing that Cox did not have standing to challenge the arbitrator's decision and that her motion was not filed within the three-month period required by R.C. 2711.13. The trial court granted the motion to dismiss, agreeing with the BOE that Cox lacked standing. The trial court also determined that it lacked jurisdiction to hear the matter because the BOE had not actually *received* a copy of the motion before expiration of the three-month time for serving notice and therefore Cox had not complied with the service requirements in R.C. 2711.13. Cox appealed from the dismissal order, and the Second District Court of Appeals reversed the trial court on the issues of both standing and jurisdiction. The BOE appealed, and we now address the BOE's proposition of law regarding the jurisdiction of the trial court.[2]

---

[2] We did not accept jurisdiction over the BOE's propositions of law that challenge the judgment of the court of appeals on the issue of standing. We therefore limit our review to the proposition of

**Analysis**

**{¶ 6}** Cox is representing herself in this matter. We have consistently held that pro se litigants must be treated the same as litigants who are represented by counsel. *In re Application of Black Fork Wind Energy, L.L.C.,* 138 Ohio St.3d 43, 2013-Ohio-5478, 3 N.E.3d 173, ¶ 22. The dissenting opinion suggests that the majority interprets the law in Cox's favor because she is representing herself. However, this opinion is based solely on the application of the law to the facts, and the holding applies equally to all litigants, whether they represent themselves or are represented by counsel.

**{¶ 7}** The BOE asks us to hold that R.C. 2711.13 requires that the notice of a motion challenging an arbitration award in a court of common pleas must be *received* by the adverse party or its attorney within the three-month period prescribed by the statute. Cox urges the court not to require actual receipt within that period under R.C. 2711.13. We note that the BOE demands timely actual receipt of Cox's motion challenging the arbitrator's decision and also asserts that the time to file and serve the motion began to run on the day the decision was e-mailed by the arbitrator to all interested parties *except* Cox, the aggrieved employee.

**{¶ 8}** But to this day, the BOE has not shown which day Cox was served a copy of the decision from which she seeks relief. It is truly unfair to demand that a litigant comply with a statute's service requirements while ignoring the fact that the opposing party has not proved when the litigant was served a copy of the document that triggered the start of the clock on the service requirement. Nevertheless, as explained below, even accepting as true the BOE's assertion that the award was delivered on December 10, 2013, Cox's notice was timely filed and served.

---

law regarding the jurisdiction of the trial court, and the decision of the Second District Court of Appeals regarding standing persists as the law of the case.

**{¶ 9}** We apply a statute "as written" if the "meaning is clear and unambiguous." *Chesapeake Exploration, L.L.C. v. Buell*, 144 Ohio St.3d 490, 2015-Ohio-4551, 45 N.E.3d 185, ¶ 40. R.C. 2711.13 states:

> Notice of a motion to vacate, modify, or correct an award must be *served* upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action.

(Emphasis added.)

**{¶ 10}** There is nothing unclear or ambiguous about this provision. To apply this statute, a court must first answer two questions: (1) on what day was the arbitrator's decision "delivered to the parties in interest" and (2) on what day was the motion to vacate, modify, or correct the arbitrator's decision "served upon the adverse party or his attorney * * * as prescribed by law for service of notice of a motion in an action"? R.C. 2711.13. Having determined these dates, a court must then determine whether the service date occurred "within three months after" the delivery date. If not, then the notice was not timely served. We now apply R.C. 2711.13 to the case before us.

*Delivery*

**{¶ 11}** The three-month period under R.C. 2711.13 starts when the arbitration award is "delivered to the parties in interest." The BOE and Cox disagree about when the arbitration award was delivered in this case. The BOE argues that the date Cox received the award is immaterial and that the delivery day is the day the arbitrator transmitted the award, December 10, 2013. Cox argues, on the other hand, that December 10, 2013, cannot be the day upon which the arbitrator's award was "delivered," because neither the arbitrator, nor the DEA, nor the BOE sent her the award that day. Cox admitted at argument that some unnamed

third party relayed the award to Cox via e-mail on December 10, 2013, and her brief suggests that she received the award in the mail sometime thereafter.

{¶ 12} We believe that any statement that the award was delivered on a specific date would be to resolve an open question of fact. Indeed, the trial court failed to resolve the factual question, and instead made its decision by "assuming that the arbitrator effectively delivered his decision on December 10, 2013." We need not determine whether the arbitrator's December 10, 2013 e-mail delivered the arbitrator's award to "the parties in interest" within the meaning of R.C. 2711.13. As explained in the remainder of this opinion, Cox's notice to the BOE was timely served based upon the BOE's view of the facts. For that reason, there is no need on remand to determine precisely when the arbitrator's award was delivered.

*Service*

{¶ 13} R.C. 2711.13 requires that "[n]otice of a motion to vacate, modify, or correct an award * * * be served upon the adverse party or his attorney * * * as prescribed by law for service of notice of a motion in an action." The BOE argues that the date Cox made service under the governing Civil Rules is immaterial because R.C. 2711.13 requires "notice" within three months of delivery of the arbitration award. The BOE argues that the word "notice" requires receipt by the adverse party. In support, the BOE points to our statement in *Welsh Dev. Co., Inc. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, 946 N.E.2d 215, that "[a] person or entity is served when actual delivery is made to the intended target, usually a party to a lawsuit." *Id.* at ¶ 38.

{¶ 14} The BOE stretches our statement in *Welsh Dev. Co.* too far. First, we ruled on a different statute in that case, one governing the "filing" of an administrative appeal. *Welsh Dev. Co.* at ¶ 1. And second, our statement that a person is "served" when "actual delivery" is made was dicta not determinative of

the outcome in that case, made without citation to authority, and contradictory to the plain language of our Civil Rules.

{¶ 15} We reject the BOE's argument that the word "notice" as it is used in R.C. 2711.13 is meant to require actual receipt. When we consider the meaning of a statute, we read words and phrases in context and we give effect to every word and clause in the statute. *State ex rel. Carna v. Teays Valley Local School Dist. Bd. of Edn.*, 131 Ohio St.3d 478, 2012-Ohio-1484, 967 N.E.2d 193, ¶ 18. Read in the context of the whole sentence, R.C. 2711.13 requires that "notice * * * must be served" and that service must be accomplished "as prescribed by law for service of notice of a motion in an action." The BOE asks us to read the second half of this sentence out of the Revised Code. The General Assembly would not have pointed to the rules of service of a motion in an action (which are found in Civ.R. 5(B)) if it intended notice of service to be completed only when the notice is received by the party being served. Indeed, the Ohio Rules of Civil Procedure are "prescribed by law." *See* Ohio Constitution, Article IV, Section 5(B). And R.C. 2711.13 does not otherwise expressly provide for rules conflicting with the Civil Rules, but instead references them.

{¶ 16} R.C. 2711.13 requires service as provided in Civ.R. 5(B). This may be accomplished in a number of ways, including by hand delivery, United States mail, commercial carrier service, or e-mail. Civ.R. 5(B)(2)(a), (c), (d), and (f). When service is made by mail or commercial carrier, "service is complete upon mailing" or "upon delivery to the carrier." Civ.R. 5(B)(2)(c) and (d). Further, "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Civ.R. 5(B)(1). Cox had two letters sent in an attempt to serve the BOE with notice of her motion. The letter sent on March 10, 2014, was mailed directly to the BOE by the clerk of court. Cox sent a second copy of the motion to the attorney for the BOE by certified mail on

March 11, 2014. Because the BOE was represented by counsel, service was accomplished on March 11, 2014.

**{¶ 17}** The dissenting opinion criticizes Cox for failing to attach a certificate of service to her motion pursuant to Civ.R. 5(B)(4) and suggests that the majority exercises leniency toward her by ignoring that requirement. Dissenting opinion at ¶ 35. But this court declined to consider the BOE's sixth proposition of law, which raised the issue of Cox's failure to comply with Civ.R. 5(B)(4). Instead, this court accepted only the BOE's seventh proposition of law. 143 Ohio St.3d 1477, 2015-Ohio-3958, 38 N.E.3d 899.

**{¶ 18}** The BOE, not Cox, is before this court asking us to disturb a judgment below. And the BOE did not raise the issue of the certificate of service in the trial court in its motion to dismiss or in the court of appeals as an alternative reason for upholding the trial court's dismissal. Civ.R. 5(B)(4) states simply that motions "shall not be considered until proof of service is endorsed thereon or separately filed." It is beyond question that the proper time for the BOE to have objected to Cox's failure to comply with the rule was when the motion was pending in the trial court, because at that time, the trial court could have corrected the error by requiring Cox to comply with the rule. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21 (an error that a party could have called but did not call to the trial court's attention at a time when the error could have been corrected will not be considered by an appellate court). The BOE forfeited all but plain error regarding the certificate of service because it did not timely object, *id.*, and we decided not to review the issue for plain error, 2015-Ohio-3958. We also note that the trial court's docket shows that the clerk sent a copy of Cox's motion by certified mail directly to the BOE on March 10, 2014, and that that service was successful.

*Delivery within Three Months of Service*

{¶ 19} Finally, we must determine whether the service accomplished by Cox on March 11, 2014, occurred "within three months after" the hypothetical delivery date of December 10, 2013. We measure the start and end point of the three-month time-limit in R.C. 2711.13 by applying relevant provisions of the Revised Code and the Rules of Civil Procedure governing service of motions. R.C. 2711.13; R.C. 2711.05. Under the applicable Civil Rules and statutes, Cox successfully served the BOE within the three-month period under R.C. 2711.13.

{¶ 20} R.C. 2711.13 provides a three-month period for service. R.C. 1.14 provides that "[t]he time within which an act is required by law to be done shall be computed by excluding the first and including the last day." Civ.R. 6(A) also governs computation of time:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by *any applicable statute*, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included * * *.

(Emphasis added.) Civ.R. 6(A). Applying the statute and the civil rule to this case, we exclude December 10, 2013, the day we assumed *arguendo* that the arbitration award was delivered. The three-month period under R.C. 2711.13 begins on the following day, December 11, 2013.

{¶ 21} R.C. 1.45 defines the end date of any period of months by reference to the beginning date. "If a number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month *from which the computation is begun*

* * *." (Emphasis added.) The "same numerical day in the concluding month" in this case was March 11, 2014. R.C. 1.45. Service was made on that day.

{¶ 22} The dissenting opinion asserts that we ignore "ample law" and fail to explain our "departure from the well-accepted anniversary rule for statutes of limitations." Dissenting opinion at ¶ 31. These criticisms ring hollow because we rely on two legislative enactments that require a different result by their plain terms. We might have been persuaded by the intermediate court opinions cited by the dissent in the absence of clear legislative enactments to the contrary. The provision in R.C. 1.14 that requires us to compute the beginning of any period of time by starting with the day after a triggering event occurred has been around in similar form since 1880, R.S. 4951; *Neiswander v. Brickner*, 116 Ohio St. 249, 254, 156 N.E. 138 (1927), and we have applied it as we do in this case, *e.g., Heuck v. State ex rel. Mack*, 127 Ohio St. 247, 187 N.E. 869 (1933) (applying G.C. 10216 [G.C. 10216 is the successor of R.S. 4951 and the predecessor of R.C. 1.14]). In 1972, the legislature decided how we must compute the end of periods of time measured specifically in months. R.C. 1.45. The dissent would ignore both statutes and set the clock back a day.

{¶ 23} In this case, the three-month period for service of Cox's motion, R.C. 2711.13, began on December 11, 2013. R.C. 1.14; Civ.R. 6(A). On the same numerical day three months later, R.C. 1.45, Cox sent notice of her motion to vacate, modify, or correct the arbitration award to the BOE's attorney by certified mail, Civ.R. 5(B)(1). Service was complete at the time of mailing, Civ.R. 5(B)(2)(c), and was therefore timely.

### Conclusion

{¶ 24} Accordingly, we reject the BOE's proposition of law, affirm the judgment of the court of appeals, and remand the cause to the trial court for further proceedings.

Judgment affirmed

and cause remanded.

PFEIFER, KENNEDY, and FRENCH, JJ., concur.

O'CONNOR, C.J., dissents, with an opinion joined by O'DONNELL and LANZINGER, JJ.

_____

**O'CONNOR, C.J., dissenting.**

{¶ 25} I agree with the majority that by its plain terms, R.C. 2711.13 requires that notice of a motion to vacate, modify, or correct an award be "served upon the adverse party or his attorney within three months after the award is delivered." Further, I agree that pursuant to Civ.R. 5(B)(2)(c), service is accomplished at the time a document is mailed via United States mail to the last known address of the party or the party's attorney. However, I disagree with the majority's conclusion that appellee, Georgia Cox, timely served her notice of a motion to vacate, modify, or correct an arbitration award, and therefore, I dissent from its judgment affirming the judgment of the Second District Court of Appeals.

{¶ 26} R.C. 2711.13 states that "[n]otice of a motion to vacate, modify, or correct an [arbitration] award must be served upon the adverse party * * * within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action." As the majority recognizes, majority opinion at ¶ 15, Civ.R. 5(B) sets forth the requirements for service of notice of a motion in an action and, accordingly, the requirements for serving notice of a motion to vacate, modify, or correct an arbitration award.

{¶ 27} Together, R.C. 2711.13 and Civ.R. 5(B) create four requirements for serving notice of a motion. First, notice must be served within three months after the award is delivered to the parties in interest. R.C. 2711.13. Second, notice must be served on an attorney if the party is represented, unless otherwise ordered by a court. Civ.R. 5(B)(1). Third, notice must be served in one of seven ways:

1. Handing it to the person;

2. Leaving it at the person's office in the prescribed manner;

3. Leaving it at the person's residence in the prescribed manner;

4. Mailing it to the person's last known address via U.S. mail;

5. Delivering it to a commercial carrier for delivery to the person's last known address;

6. Leaving it with the clerk of courts if the person has no known address; or

7. Sending it by e-mail or fax to the appropriate address or number.

Civ.R. 5(B)(2). Civ.R. 5(B)(2) also describes when service is complete for certain of these methods, including explaining that when "mailing it to the person's last known address by United States mail, * * * service is complete upon mailing." Civ.R. 5(B)(2)(c). And fourth, the notice "shall be accompanied by a completed proof of service which shall state the date and manner of service." Civ.R. 5(B)(4).

{¶ 28} Cox's notice failed to meet the first and fourth requirements.

{¶ 29} Cox failed to meet the first requirement because she did not mail a copy of the motion to appellant, the Dayton Public Schools Board of Education ("BOE"), until March 11, 2014, a day after the three-month deadline expired.

{¶ 30} For purposes of analysis, the majority accepts as true the BOE's assertion that the arbitrator delivered the award to the parties in interest on December 10, 2013. Majority opinion at ¶ 8. I will do the same. This court has held that R.C. 2711.13 contains a three-month statute of limitations, following delivery of an arbitration award, during which a party may file a motion to vacate, modify, or correct the award. *Galion v. Am. Fedn. of State, Cty. & Mun. Emps., Ohio Council 8, AFL-CIO, Local 2243*, 71 Ohio St.3d 620, 622, 646 N.E.2d 813 (1995). During this same three-month period, the filing party must serve notice of the motion upon the adverse party. R.C. 2711.13.

{¶ 31} The majority relies on Civ.R. 6(A) and R.C. 1.14 to establish that the three-month time limit begins to run on the day after delivery of the award and thus

12

that the limitations period expires on March 11, 2014. To reach this conclusion, the majority ignores ample law that a statute of limitations expires on the anniversary date of the antecedent action—in this case, the delivery of the arbitration award. *Schon v. Natl. Tea Co.*, 19 Ohio App.2d 222, 224, 250 N.E.2d 890 (7th Dist.1969); *accord Mokrytzky v. Super Sys., Inc.*, 8th Dist. Cuyahoga No. 87929, 2007-Ohio-404, ¶ 10; *Thomas v. Galinsky*, 11th Dist. Geauga No. 2003-G-2537, 2004-Ohio-2789, ¶ 15-16; *Babcock v. S.E. Johnson Co.*, 6th Dist. Wood No. 91WD118, 1992 WL 163900, *1 (July 17, 1992); *In re Estate of Fisher*, 12 Ohio App.3d 150, 152, 467 N.E.2d 898 (12th Dist.1983);[3] *see also Copeland v. Bur. of Workers' Comp.*, 192 Ohio App.3d 586, 2011-Ohio-813, 949 N.E.2d 1046, ¶ 13 (5th Dist.); *Tomasik v. Tomasik*, 9th Dist. Summit No. 21980, 2004-Ohio-5558, ¶ 2-3. The majority offers no explanation for its departure from the well-accepted anniversary rule for statutes of limitation and in support of its own calculation, cites cases that are inapposite because they involve laws with time limits provided in days, not months or years. When the settled anniversary rule is used to calculate time, it becomes clear that Cox was required to serve notice of her motion to the BOE by March 10, 2014, the three-month anniversary of delivery. Instead, she served the notice on March 11. For this reason alone, Cox failed to meet R.C. 2711.13's deadline and the trial court was correct to dismiss her motion.

{¶ 32} Regarding the fourth requirement for service of notice of a motion, no certificate of service accompanied the notice served on the BOE. Neither the notice served on March 10 by the clerk's office (which the majority appears to suggest satisfied the service requirement, majority opinion at ¶ 18) nor the notice

---

[3] Many of these cases involve statutes of limitations measured in years, but they are still relevant in this case. R.C. 1.44 defines a year to mean "twelve consecutive months." R.C. 1.45 concerns time computation and states that "[i]f a number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun * * *." Accordingly, a year may be computed by counting 12 months from a particular day.

Cox untimely mailed to the BOE was accompanied by a certificate of service as required by Civ.R. 5(B)(4).

{¶ 33} By arguing that Cox could have corrected her error had the BOE timely objected, the majority raises a red herring. Civ.R. 5(B)(4) does not simply provide that the court will not consider a document until a proper proof of service is included or separately filed. The rule also states that the served document "*shall be accompanied by a completed proof of service.*" (Emphasis added.) Civ.R. 5(B)(4). This court has found that the word shall is usually interpreted to make the provision in which it is contained mandatory, *Cincinnati Bar Assn. v. Adjustment Serv. Corp.*, 89 Ohio St.3d 385, 389, 732 N.E.2d 362 (2000), and any other interpretation in this instance violates a rule that is often stated by this court that plain and unambiguous language must be applied as written, *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019, ¶ 22, citing *State ex rel. Potts v. Comm. on Continuing Legal Edn.*, 93 Ohio St.3d 452, 456, 755 N.E.2d 886 (2001).

{¶ 34} There is no authority to support a reading of the rule that permits tolling of the time for service until a proper proof of service is filed. The statute of limitations had well expired by the time either the common pleas court or the BOE was aware that the notice had no proof of service. Accordingly, by the time either the court or the BOE could have alerted Cox to the deficiency and asked her to correct it, if they even had a duty to do so, her time to serve a notice accompanied by a certificate of service had elapsed.

{¶ 35} The majority seems to exercise leniency because Cox filed her motion pro se. But on numerous occasions, we have made clear that " ' "pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." ' " *In re Application of Black Fork Wind Energy, L.L.C.*, 138 Ohio St.3d 43, 2013-Ohio-5478, 3 N.E.3d 173, ¶ 22, quoting *State ex rel. Fuller v. Mengel*, 100 Ohio

14

St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001). *Accord Zukowski v. Brunner*, 125 Ohio St.3d 53, 2010-Ohio-1652, 925 N.E.2d 987, ¶ 8; *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402, ¶ 1. The General Assembly established clear rules, and we should enforce them consistently and fairly as to all litigants.

**{¶ 36}** Accordingly, I dissent.

O'DONNELL and LANZINGER, JJ., concur in the foregoing opinion.

_____

Georgia B. Cox, pro se.

Bricker & Eckler, L.L.P., and Beverly A. Meyer, for appellant.

Doll, Jansen & Ford and Susan D. Jansen, urging reversal for amicus curiae, Ohio Education Association.

_____