[Cite as *Sauter v. Integrity Cycles, L.L.C.*, 2024-Ohio-309.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Thomas E. Sauter, | : | |
| Plaintiff-Appellant, | : | No. 23AP-313 |
| | | (C.P.C. No. 23CV-0139) |
| v. | : | |
| | : | (ACCELERATED CALENDAR) |
| Integrity Cycles, LLC et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on January 30, 2024

**On brief:** *Hrabcak & Company, L.P.A.*, *Michael Hrabcak*, and *Gregory A. Wetzel* for appellant.
**Argued:** *Gregory A. Wetzel.*

**On brief:** *Caborn & Butauski Co. L.P.A.*, and *Joseph A. Butauski* for appellees. **Argued:** *Alyssa Wolf.*

APPEAL from the Franklin County Court of Common Pleas

MENTEL, P.J.

{¶ 1} Plaintiff-appellant, Thomas E. Sauter, appeals from an April 25, 2023 decision and entry granting the motion for summary judgment of defendants-appellees, Integrity Cycles, LLC and Frank Anthony Ferri. For the reasons that follow, we reverse.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} This case arises from a June 22, 2018 motorcycle accident. On March 25, 2020, appellant filed a complaint against appellees asserting various claims of bodily injury and negligence. *Sauter v. Integrity Cycles, LLC, et al.*, Franklin C.P. 20CV-2444.[1] On January 5, 2022, appellant filed a Civ.R. 41(A) notice of voluntary dismissal of the

---

[1] The original complaint also named United Healthcare, Medical Mutual of Ohio, State Farm Automobile Insurance Company, Joseph E. Ferri, and John Does 1-3 as defendants in the case.

complaint without prejudice against appellees. On January 6, 2023, appellant refiled his complaint against appellees.[2] *Sauter v. Integrity Cycles, LLC, et al.* Franklin C.P. 23CV-139. On March 16, 2023, appellees filed a motion for summary judgment arguing that the refiled complaint was time-barred under Ohio's savings statute, R.C. 2305.19(A). On April 11, 2023, appellant filed a memorandum in opposition to appellees' motion for summary judgment arguing that the refiled complaint was timely as the calculation of the savings statute began the day after the Civ.R. 41(A) notice was filed and concluded 12 months from the same numerical day that the period commenced. A reply brief was filed on April 19, 2023.

{¶ 3} On April 25, 2023, the trial court granted appellees' motion for summary judgment finding that the refiled complaint was time-barred citing this court's decision in *Shue v. Ohio Dept. of Rehab & Corr.*, 10th Dist. No. 16AP-432, 2017-Ohio-443.

{¶ 4} Appellant filed a timely notice of appeal on May 19, 2023.

## II. ASSIGNMENT OF ERROR

{¶ 5} Appellant assigns the following as trial court error:

> The trial court erred when it granted Appellee's Motion for Summary Judgment and held that Appellant's refiled Complaint was time barred.

## III. STANDARD OF REVIEW

{¶ 6} An appellate court reviews a trial court's decision to grant a motion for summary judgment de novo. *Kiser v. United Dairy Farmers*, 10th Dist. No. 22AP-539, 2023-Ohio-2136, ¶ 9. When reviewing a decision under a de novo standard of review, we undergo an independent review of the evidence without deference to the trial court's decision. *Id.*, citing *Nazareth Deli LLC v. John W. Dawson Ins. Inc.*, 10th Dist. No. 21AP-394, 2022-Ohio-3994, ¶ 22. Summary judgment is appropriate when the moving party demonstrates: (1) there are no outstanding genuine issues of material fact to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) construing the evidence most strongly in favor of the nonmoving party, it appears that reasonable minds can only come to one conclusion that is adverse to the nonmoving party. *Charley v. Ohio*

---

[2] The refiled complaint also named United Healthcare, Medical Mutual of Ohio, and State Farm Automobile Insurance Company as defendants in the case.

*Adult Parole Auth., et al.*, 10th Dist. No. 22AP-678, 2023-Ohio-4294, ¶ 9, citing Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

## IV. LEGAL ANALYSIS

### A. Appellant's Sole Assignment of Error

{¶ 7}   In appellant's sole assignment of error, he argues that the trial court erred by finding the refiled complaint was time-barred under Ohio's savings statute, R.C. 2305.19.

{¶ 8}   Ohio's general savings statute, R.C. 2305.19(A), directs in relevant part, "[if a] plaintiff fails otherwise than upon the merits" "[i]n any action that" the plaintiff "commenced or attempted to * * * commence[]," the plaintiff "may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." To be sure, R.C. 2305.19(A) does not operate as a statute of limitations or function to toll the statute of limitations. *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, ¶ 18, citing *Lewis v. Connor*, 21 Ohio St.3d 1, 4 (1985), citing *Reese v. Ohio State Univ. Hosp.*, 6 Ohio St.3d 162, 163 (1983). "Rather, it provides a plaintiff with a limited period of time in which to refile a dismissed claim by commencing a new action that would otherwise be barred by the statute of limitations." *Wilson* at ¶ 18, citing *Internatl. Periodical Distribs. v. Bizmart, Inc.*, 95 Ohio St.3d 452, 2002-Ohio-2488, ¶ 7.

{¶ 9}   On the face of the complaint, the motorcycle accident at issue took place on June 22, 2018.  There is no dispute that the claims based on bodily injuries and negligence expired on June 22, 2020.  (Appellant's Brief at 4-5); *see* R.C. 2305.10.  There is also no dispute that appellant's Civ.R. 41(A)(1) dismissal was not on the merits. *Frysinger v. Leech*, 32 Ohio St.3d 38 (1987), paragraph two of the syllabus ("[a] voluntary dismissal pursuant to Civ.R. 41(A)(1) constitutes a failure otherwise than upon the merits within the meaning of the savings statute, R.C. 2305.19.").  The question becomes whether Ohio's one-year savings statute preserves appellant's claims.

{¶ 10} When considering how to compute the one-year statutory period, we must look to applicable provisions of the Ohio revised code and rules of civil procedure for guidance.  A reviewing court should interpret a word or phrase in a statute consistent with " 'their common, everyday meaning unless a contrary intent is expressed.' " *State ex rel Swanson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 20AP-151, 2021-Ohio-338, ¶ 8,

quoting *State v. Wells*, 91 Ohio St.3d 34 (2001), citing R.C. 1.42. If a word or phrase employed in a statute is clear and unambiguous, we apply the statutory language as written. A statute is deemed ambiguous when it is reasonably susceptible to more than one meaning. *Swanson* at ¶ 8, citing *State v. Black*, 142 Ohio St.3d 332, 2015-Ohio-513, ¶ 37-39, citing *State v. Jordan*, 89 Ohio St.3d 488, 492 (2000).

{¶ 11} R.C. 1.14 provides, "[t]he time within which an act is required by law to be done shall be computed by excluding the first and including the last day." Similarly, Civ.R. 6(A) states "[i]n computing any period of time prescribed or allowed by * * * any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included." Applying the above directives, we exclude the date the Civ.R. 41(A) notice of dismissal was filed, January 5, 2022, and begin the calculation of the one-year period under R.C. 2305.19(A) on the subsequent day, January 6, 2022.

{¶ 12} Subject to conditions in R.C. 1.51, Revised Code sections 1.41 to 1.50 establish general provisions that apply to all statutes. *Swanson* at ¶ 12. The General Assembly defines "[y]ear" as "twelve consecutive months." R.C. 1.44(B). R.C. 1.45 directs the "number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun." The Supreme Court of Ohio has recognized these statutes may apply to the computation of a one-year statutory period. *Cox v. Dayton Pub. Schools. Bd. Of Edn.*, 147 Ohio St.3d 298, 2016-Ohio-5505, ¶ 31, fn. 3, citing R.C. 1.44(B) ("a year may be computed by counting 12 months from a particular day."). Here, the one-year period prescribed in R.C. 2305.19 concludes after counting the number of months, 12, from the commencing date, January 6, 2022, and ends on the same numerical day in the concluding month, i.e., January 6, 2023. Because appellant refiled the complaint on the final day of the one-year period, appellant's filing was timely under R.C. 2305.19.

{¶ 13} Appellees cite this court's decision in *Shue*, 2017-Ohio-443, as controlling. In *Shue*, this court applied the "anniversary rule" when determining whether the refiled action was timely under the one-year savings statute. The "anniversary rule" calculates the period from the day after the act or event occurred and concludes at the close of the first anniversary of the day the act took place. *Id.* at ¶ 10. The *Shue* court held the refiled

complaint was not preserved under the one-year savings statute because the filing date, March 3, 2016, was more than one year beyond the prior, voluntarily dismissed complaint on March 2, 2015. *Id*. at ¶ 14.

{¶ 14} The Supreme Court, however, has adopted a different approach when computing statutory periods of time. In *Cox*, the Supreme Court considered the requirements for invoking the jurisdiction of the trial court to vacate, modify, or correct an arbitration award under R.C. 2711.13. *Id*. at ¶ 1. "At the heart of this case is the question whether Cox timely served notice of her motion on * * * Dayton Public Schools Board of Education ([']the BOE['])" within the three-month time limit under R.C. 2711.13. *Id*. The Supreme Court found, based on its calculation of the three-month statutory period, service of Cox's motion was timely under R.C. 2711.13. *Id*. at ¶ 23. The *Cox* court explained that, pursuant to R.C. 1.14 and Civ.R. 6(A), the statutory period began after excluding the "day of the act," or the delivery date, and concluded after three months, in accordance with R.C. 1.45, " 'on the same numerical day in the concluding month as the day of the month *from which the computation is begun.*' " (Emphasis sic.) *Id*. at ¶ 20-21, quoting R.C. 1.45.

{¶ 15} We recognize this decision, while consistent with *Cox*, is not easily reconciled with our prior decision in *Shue*. Accordingly, to the extent that *Shue* and prior decisions from this court hold that the "anniversary rule" applies to the calculation of one year under the savings statute, they are overruled.

{¶ 16} Appellees point to decisions from other districts that have applied the "anniversary" approach citing *Mokrytzky v. Super Sys., Inc.*, 8th Dist. No. 87929, 2007-Ohio-404; *Schon v. Natl. Tea Co.*, 19 Ohio App.2d 222 (7th Dist.1969); *Thomas v. Galinsky*, 11th Dist. No. 2003-G-2537, 2004-Ohio-2789; and *Babcock v. S.E. Johnson Co.*, 6th Dist. No. 91WD118, 1992 Ohio App. LEXIS 3587, *1 (July 17, 1992). A near identical argument was promoted by Chief Justice Maureen O'Connor in her dissenting opinion in *Cox*. Chief Justice O'Connor wrote, "[t]he majority relies on Civ.R. 6(A) and R.C. 1.14 to establish that the three-month time limit begins to run on the day after delivery of the award * * * [t]o reach this conclusion, the majority ignores ample law that a statute of limitations expires on the anniversary date of the antecedent action—in this case, the delivery of the arbitration award." *Id*. at ¶ 31 (C.J. O'Connor, dissenting). Chief Justice O'Connor then cited *Schon* at

224; *Mokrytzky* at ¶ 10; *Thomas* at ¶ 15-16; *Babcock* at *1, as well as numerous other Ohio cases,[3] as support for the "anniversary rule." *Id.*

{¶ 17} In its response to the dissent, the majority acknowledged its decision amounted to a departure from the well-accepted "anniversary rule," but that the dissent's "criticisms ring hollow" as the majority's decision was founded on "two legislative enactments that require a different result by their plain terms." *Cox* at ¶ 22. The *Cox* court explained that, despite the dissent's citation to Ohio appellate cases to the contrary, R.C. 1.14, which "requires us to compute the beginning of any period of time by starting with the day after a triggering event occurred," has been in place in some fashion since 1880, R.S. 4951. *Id.* citing *Neiswander v. Brickner*, 116 Ohio St. 249, 254 (1927).

{¶ 18} Given the Supreme Court's acknowledgment and rejection of the "anniversary rule," we are not convinced by the line of cases cited in appellees' brief as they were expressly rejected in *Cox*. While *Cox* concerned the computation of the three-month period under R.C. 2711.13, the majority also rejected the "ample [cases]" that have applied the "anniversary rule" when calculating the "statutes of limitations measured in years." *Cox* at ¶ 22, 31, fn 3. As such, we can logically conclude that the analysis in *Cox* was not limited to R.C. 2711.13. This court has similarly interpreted the term "month" in other statutes consistent with the computation of time set forth in R.C. 1.45. *See Swanson* at ¶ 10 (declining to adopt the magistrate's recommendation to sua sponte dismiss relator's complaint for lack of compliance with R.C. 2969.25(C)(1)).

{¶ 19} Appellant also cites *Vermander v. Bur. of Motor Vehicles*, 9th Dist. No. 2392, 1988 Ohio App. LEXIS 4208 (Oct. 19, 1988); *Johnson v. Allied Signal, Inc.*, 11th Dist. No. 98-P-0063, 1999 Ohio App. LEXIS 4797, *5 (Oct. 8, 1999); *Timson v. Gillings*, 10th Dist. No. 74AP-438, 1975 Ohio App. LEXIS 7378, *2 (Mar. 25, 1975); *Crump v. Batie*, 2d Dist. No. 2012 CA 69, 2013-Ohio-2345, ¶ 13; and *Hawkins v. Innovative Property Mgt.*, 9th Dist. No. 23122, 2006-Ohio-6153, ¶ 13, as other examples of Ohio courts that have applied "anniversary" approach. We find appellant's reliance on these cases equally unavailing as

---

[3] The other Ohio cases cited by the dissent include: *In re Estate of Fisher*, 12 Ohio App.3d 150, 152 (12th Dist.1983); *Copeland v. Bur. of Workers' Comp.*, 192 Ohio App.3d 586, 2011-Ohio-813, ¶ 13 (5th Dist.); and *Tomasik v. Tomasik*, 9th Dist. No. 21980, 2004-Ohio-5558, ¶ 2-3.

they also rely on the same analysis that the Supreme Court rejected in *Cox*. As for this district's decision in *Timson*, to the extent it conflicts with today's decision, it is overruled.

{¶ 20} Finally, appellees contend that applying one method of computation for statute of limitations and another method under the savings statue would result in great confusion among litigants. (Appellees' Brief at 24.) Appellees' argument is without merit. The General Assembly has provided clear statutory language on this issue, and we are bound to apply these provisions. While *Cox* has seldomly been applied since it was decided,[4] the Supreme Court's methodology controls our analysis. Whatever confusion that may come is not for us to address at this time.

{¶ 21} Based on the foregoing, appellant's sole assignment of error is sustained.

## V. CONCLUSION

{¶ 22} Having sustained appellant's sole assignment of error, we reverse and remand this matter back to the Franklin County Court of Common Pleas for further proceedings consistent with law and this decision.

*Judgment reversed*;
*cause remanded*.

JAMISON and EDELSTEIN, JJ., concur.

———————————

---

[4] At the time this decision was issued, *Cox* had only been cited in ten cases almost exclusively concerning other topics unrelated to today's decision.