**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Sauter v. Integrity Cycles, L.L.C.*, **Slip Opinion No. 2026-Ohio-88.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-88

SAUTER, APPELLEE, *v.* INTEGRITY CYCLES, L.L.C., ET AL., APPELLANTS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Sauter v. Integrity Cycles, L.L.C.*, Slip Opinion No. 2026-Ohio-88.]**

*Saving statute—R.C. 2305.19—To comply with R.C. 2305.19, a claim must be filed within one year, or by the anniversary, of the date that it was dismissed— Court of appeals' judgment reversed.*

No. 2024-0370—Submitted March 12, 2025—Decided January 15, 2026.

APPEAL from the Court of Appeals for Franklin County, No. 23AP-313, 2024-Ohio-309.

_____

SHANAHAN, J., authored the opinion of the court, which FISCHER, DEWINE, BRUNNER, and DETERS, JJ., joined.  KENNEDY, C.J., dissented, with an opinion joined by HAWKINS, J.

**SHANAHAN, J.**

{¶ 1} When a claim fails otherwise than on the merits, R.C. 2305.19 allows a plaintiff to commence a new action "within one year" after the failure. The question in this case is whether "one year" actually means one year. The Tenth District Court of Appeals adopted the view that "one year" really means a calendar year plus a day. So, in its view, a claim that was dismissed on January 5, 2022, could be refiled as late as January 6, 2023. We disagree. The statute means exactly what it says. To comply with R.C. 2305.19, the claim must be filed within one year—or by the anniversary—of the date that it was dismissed. Thus, a claim that was dismissed on January 5, 2022, would have to have been refiled by January 5, 2023. We reverse the contrary judgment of the court of appeals.

## I. Facts and Procedural History

{¶ 2} Following a motorcycle accident in 2018, appellee, Thomas Sauter, filed a complaint in March 2020 against appellants, Integrity Cycles, L.L.C., and Frank Ferri (collectively, "Integrity"). Sauter voluntarily dismissed the complaint on January 5, 2022, and refiled the complaint on January 6, 2023, relying on R.C. 2305.19 ("the saving statute") to preserve his claims.

{¶ 3} The saving statute governs refiled lawsuits and provides as follows:

> In any action that is commenced . . . if in due time . . . the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after the date of . . . the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

R.C. 2305.19(A). That is, the saving statute provides a one-year period to refile a dismissed complaint even if the original statute of limitations has expired. *See*

*Frysinger v. Leech*, 32 Ohio St.3d 38, 42 (1987). The saving statute does not toll the statute of limitations; it provides a separate one-year window for refiling after dismissal. *See Saunders v. Choi*, 12 Ohio St.3d 247, 250 (1984).

{¶ 4} Integrity filed a motion for summary judgment claiming that Sauter had refiled his suit outside the time allowed by the saving statute. The trial court agreed and dismissed the case. It calculated the one-year period as ending on the anniversary of the dismissal. *See* Franklin C.P. No. 23CV-139 (Apr. 25, 2023). In the trial court's view, because Sauter had dismissed his original complaint on January 5, 2022, the refiled complaint had to be filed by January 5, 2023. *See id.*

{¶ 5} Sauter appealed to the Tenth District, arguing that the trial court was incorrect when it followed *Shue v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-443 (10th Dist.), and held that the one-year period ended on the anniversary of the dismissal. In *Shue*, the plaintiff relied on Civil Rule 6(A)[1] in support of his argument that (1) the date of dismissal (in his case, March 2) was not to be counted, (2) the year began to run on March 3, and (3) his filing on March 3 one year later was timely. As the Tenth District at that time said, "This conclusion is inoperable. One year from any given calendar day (not counting the calendar day itself) is always the anniversary of that day." *Shue* at ¶ 10.

{¶ 6} Nevertheless, the Tenth District in this case agreed with Sauter, overruled *Shue*, and found that this court's decision in *Cox v. Dayton Pub. Schools Bd. of Edn.*, 2016-Ohio-5505, applies. In *Cox*, this court added an extra day to the calculation of the statutorily prescribed three-month period for serving notice of a motion to vacate, modify, or correct an arbitration award under R.C. 2711.13. *See Cox* at ¶ 19-23. Relying on *Cox*, the court of appeals reversed the trial court's

---

1. Civil Rule 6(A) is similar to R.C. 1.14 in that it provides that "[i]n computing any period of time prescribed or allowed by [the Ohio civil] rules, by the local rules of any court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included . . . ."

decision and adopted a method of counting one year that equates to a year and a day. Under this method of counting, the court of appeals concluded that the complaint filed on January 6, 2023, was timely.

{¶ 7} We accepted Integrity's appeal on a single proposition of law:

> In an action involving calculation of the one-year period under the Ohio Saving Statute, R.C. 2305.19, the one-year period should be calculated from the day following the day the event occurred and end at the close of the first anniversary of the day the event occurred.

*See* 2024-Ohio-1974.

## II. Analysis

{¶ 8} This case requires the application of common sense and the time-computation statutes that the General Assembly has enacted. When a statute is plain and unambiguous, we apply it as written. *See Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus; *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus. In R.C. 2305.19, "within one year" means within a calendar year. This is consistent with the statutory framework established by R.C. 1.14, 1.44(B), and 1.45.

### A. Statutory Framework

{¶ 9} When applicable, R.C. 2305.19 allows a claim to be refiled "within one year" after a failure otherwise than on the merits. R.C. 1.14 provides that "[t]he time within which an act is required by law to be done shall be computed by excluding the first and including the last day." So, in calculating a one-year period under R.C. 2305.19, we exclude the date of the failure other than on the merits and begin counting on the next day. Here, the claim was dismissed on January 5, 2022. That day is excluded and the counting begins on January 6, 2022. In a non-leap

4

year, 365 days compose a year. If we count January 6, 2022, and every day thereafter, we reach 365 days on January 5, 2023. So, under R.C. 2305.19, Sauter had to file his claim by January 5, 2023, to fall within the time allowed by the saving statute.

{¶ 10} This reading of R.C. 2305.19 is supported by other statutory provisions. R.C. 1.44(B) tells us what we already know: a "'[y]ear' means twelve consecutive months." Because months have a varying number of days, R.C. 1.45 provides a special rule for the counting of time in months. It provides that "[i]f a number of months is to be computed by counting the months from a particular day, the period ends on the *same numerical day* in the concluding month as the day of the month from which the computation is begun, unless there are not that many days in the concluding month, in which case the period ends on the last day of that month." (Emphasis added.) Thus, under R.C. 1.45, time in months is measured "from a particular day," that being January 5, 2022, in this case, and the period "ends on the same numerical day in the concluding month as the day of the month from which the computation is begun"—in this case, January 5, 2023. Thus, both R.C. 1.14 and 1.45 lead to the same result: one year from January 5, 2022, is January 5, 2023.

{¶ 11} And this is how we would expect it to be. If we agree to meet a year from September 15, we agree to meet on September 15, not September 16. If a lease that begins on August 20 expires in a year, it expires on August 20 of the next year, not August 21. The examples are endless. In everyday speech, "one year from today" means the same calendar date next year, not the day after. By reading "within one year" in R.C. 2305.19 to mean a year plus a day, the court of appeals departed from the plain meaning of the statute enacted by the General Assembly.

{¶ 12} The dissent and the majority simply disagree on whether Ohio law requires us to compute "one year" under the saving statute from the day of the event or from the day after the event. The dissent says that R.C. 1.14 directs us to ignore

the day of the event and start the mathematical determination, i.e., the computation, the day after the event. We disagree. The dissent characterizes our reading of R.C. 2305.19 as inconsistent with Ohio's time-computation statutes. In our view, the disagreement between the majority and the dissent turns on how R.C. 1.14, 1.44(B), and 1.45 are read together. Properly understood, those provisions establish the length of a year and the manner in which such periods are counted, and nothing in their text requires extending a one-year period beyond its conclusion on the same numerical date in the following year.

### B. The Facts and Holding in Cox

{¶ 13} In concluding that the saving statute allows a year plus an additional day to refile a claim, the court of appeals relied on a decision that dealt with the calculation of months, *Cox v. Dayton Pub. Schools Bd. of Edn.*, 2016-Ohio-5505. We turn now to that decision. In *Cox*, this court considered R.C. 2711.13, which requires that a motion to vacate, modify, or correct an arbitration award be served "within three months after the award is delivered." *Id.* at ¶ 9. The arbitration award in *Cox* was delivered on December 10, 2013. Cox served her subsequent motion to vacate, modify, or correct the award on March 11, 2014. In a four-to-three decision, the majority began counting the three months on December 11—the day after delivery—reasoning that because R.C. 1.14 required the exclusion of December 10, the computation of three months began on December 11. Accordingly, the court held that service on March 11 was timely, adding an extra day to the statutory period.

{¶ 14} The decision in *Cox* is difficult to reconcile with the statutory scheme. Again, by its terms, R.C. 1.45 provides that "[i]f a number of months is to be computed by counting the months from a particular day, the period ends on the *same numerical day* in the concluding month as the day of the month from which the computation is begun." But the *Cox* court concluded that in counting a period of months, the period ends one day after the day of the month from which the

calculation is begun. That was wrong. Under the plain terms of R.C. 1.45, the computation should have begun on the date of delivery and ended on the same day of the month three months later.

{¶ 15} In reaching its decision to add an extra day to a calculation of months, the *Cox* majority looked to R.C. 1.14. It concluded that because R.C. 1.14 provides that in computing time, the first day shall be excluded, the counting of months began on the day after the arbitration award was delivered. But this reading creates an unnecessary tension between R.C. 1.14 and R.C. 1.45.

{¶ 16} R.C. 1.14 is a general provision dealing with the calculation of time and simply restates the common-law rule by providing that when counting days, the first day is excluded and the last day is included. R.C. 1.45 states this same rule in the context of counting months, which by their nature have a varying number of days. The provisions complement each other, and both lead to the same result.

{¶ 17} The mistake that the *Cox* court made was to go beyond the text of the relevant provisions and conclude that the provisions should be stacked together to add an additional day to the period being calculated. R.C. 1.45 applies "[i]f a number of months is to be computed by counting the months from a particular day." R.C. 1.14 explains how to count from a particular day—i.e., do not include the first day in the count but do include the last day. The *Cox* court went astray by reading R.C. 1.14's statement about *how* to do the counting as a statement about *when* the calculation begins.

{¶ 18} The *Cox* decision dealt strictly with the calculation of months and thus is inapposite to the question before us today about the meaning of "within a year" under the saving statute. It is difficult to reconcile the *Cox* decision with the statutory scheme, and cases like this one demonstrate the confusion that *Cox* has sown in our case law. But because this case involves a calculation of a year, not months, this case is not the correct one in which to consider *Cox*'s continued viability in the calculation of months.

### C. Application to Sauter's Case

{¶ 19} Sauter dismissed his complaint on January 5, 2022. That is the day "from which the computation is begun," R.C. 1.45. The first day is excluded from the count, but "within one year" is measured forward from the date of dismissal. The statutory period ended on January 5, 2023.

{¶ 20} Sauter refiled his complaint on January 6, 2023—one day beyond the statutory limit. The trial court correctly dismissed the refiled complaint as untimely.

### III. Conclusion

{¶ 21} Sauter's refiled complaint was time-barred under Ohio's saving statute. We reverse the judgment of the Tenth District Court of Appeals and reinstate the judgment of the trial court.

Judgment reversed.

_____

**KENNEDY, C.J., joined by HAWKINS, J., dissenting.**

{¶ 22} This case presents the question of what "one year" means as that phrase is used in Ohio's saving statute, R.C. 2305.19(A), which states that a plaintiff may commence a new action "within one year" after the failure of an action otherwise than on the merits.

{¶ 23} R.C. 1.44(B) defines "year" as "twelve consecutive months." And R.C. 1.45 states, "If a number of months is to be computed by counting the months *from a particular day*, the period ends on the same numerical day in the concluding month as the day of the month *from which the computation is begun*." (Emphasis added.) What, then, is "the day of the month from which the computation is begun"? R.C. 1.14 gives the answer, telling us to start the computation "by excluding the first and including the last day." That is, we exclude the "particular day," R.C. 1.45, of the triggering event and begin counting from the next day to the same calendar day in the twelfth month.

{¶ 24} Appellee, Thomas Sauter, voluntarily dismissed his complaint against appellants, Integrity Cycles, L.L.C., and Frank Ferri, on January 5, 2022, and under R.C. 2305.19, he had one year to refile his complaint. Pursuant to R.C. 1.14, counting started on the next day, January 6, 2022. Twelve months from January 6, 2022, was January 6, 2023, since the one-year period ends on the same numerical day as the day of the month from which the computation began.

{¶ 25} Sauter therefore timely refiled his complaint. Consequently, I would affirm the judgment of the Tenth District Court of Appeals reversing the dismissal of his action as untimely. Because the majority reaches a contrary decision, I dissent.

### Law and Analysis

*The saving statute*

{¶ 26} The saving statute provides:

> In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within *one year* after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

(Emphasis added.) R.C. 2305.19(A).

{¶ 27} How do we calculate when the saving statute's one-year period begins and ends? That question returns this court to a familiar place: statutory interpretation.

*Statutory interpretation*

**{¶ 28}** As this court has long explained, "[t]he question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact." *Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus. "When the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said." *Jones v. Action Coupling & Equip., Inc.*, 2003-Ohio-1099, ¶ 12, citing *Symmes Twp. Bd. of Trustees v. Smyth*, 2000-Ohio-470, ¶ 12. And as always, "[a]n unambiguous statute is to be applied, not interpreted." *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus.

**{¶ 29}** Moreover, when the legislature "takes the trouble to define the terms it uses, a court must respect its definitions as 'virtually conclusive,'" *Dept. of Agriculture Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 59 (2024), quoting *Sturgeon v. Frost*, 587 U.S. 28, 56 (2019). And this court should "apply those definitions as written when interpreting that statute," *Baker v. Wayne Cty.*, 2016-Ohio-1566, ¶ 2.

*The General Assembly has defined "year" and*
*has explained how to calculate one year*

**{¶ 30}** In 1972, the General Assembly enacted R.C. 1.44(B) and defined the term "year" as "twelve consecutive months." Am. H.B. No. 607, 134 Ohio Laws 2108, 2110. Also in 1972, the General Assembly enacted R.C. 1.45 to dictate how months are to be counted from a particular day: "If a number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun, unless there are not that many days in the concluding month, in which case the period ends on the last day of that month." Am. H.B. No. 607, 134 Ohio Laws 2108, 2110.

{¶ 31} Therefore, by operation of R.C. 1.44 and 1.45, "one year" in the saving statute is 12 consecutive months, and those months are counted by using the same numerical day of the month as the starting place and the ending place.

{¶ 32} That raises the question, what is "the day of the month from which the computation is begun" under R.C. 1.45? R.C. 1.14 provides the answer and states that "[t]he time within which an act is required by law to be done *shall be computed by excluding the first and including the last day*; except that, when the last day falls on Sunday or a legal holiday, the act may be done on the next succeeding day that is not Sunday or a legal holiday." (Emphasis added.) There is no language in R.C. 1.14 excepting the counting of months from R.C. 1.14's ambit. Instead, use of the word "computation" in R.C. 1.45 and "computed" in R.C. 1.14 shows that these two statutes work together to tell us how to count by months.

{¶ 33} Reading R.C. 1.14, 1.44, and 1.45 together, then, demonstrates that in determining when a one-year period begins and ends, the first day counted is the day after the act that triggered the need to compute time (here, the voluntary dismissal). That is, "computation is begun" under R.C. 1.45 by excluding the first day pursuant to R.C. 1.14—the "particular day" of the triggering act. A monthly calculation therefore starts on the next day, and per R.C. 1.45, "the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun."

{¶ 34} Counting therefore begins the day after the "particular day" because the first day is excluded in counting from that "particular day." Counting stops on the same calendar day of the twelfth month.

*Applying Ohio's time statutes to R.C. 2305.19*

{¶ 35} Here, Sauter voluntarily dismissed his complaint on January 5, 2022. Excluding the day of the dismissal, as R.C. 1.14 requires, the one-year time limitation under the saving statute began running on January 6, 2022. A "year" is 12 consecutive months. R.C. 1.44(B). Months are calculated from the day after

the triggering event, *see* R.C. 1.14, to the same numerical day in the concluding month, R.C. 1.45, "including the last day" as required by R.C. 1.14, which in this case was January 6, 2023. Sauter's refiled complaint therefore was timely filed on January 6, 2023.

*Cox v. Dayton Pub. Schools Bd. of Edn. was correctly decided*

{¶ 36} With the statutory scheme for calculating time in mind, the majority's criticisms of this court's judgment in *Cox v. Dayton Pub. Schools Bd. of Edn.*, 2016-Ohio-5505, ring hollow. The statute at issue in *Cox*, R.C. 2711.13, requires a "[n]otice of a motion to vacate, modify, or correct an award" to "be served upon the adverse party or his attorney within three months after the [arbitration] award is delivered." The question before the court was whether a notice delivered on March 11 was delivered within three months after December 10. *Cox* at ¶ 19.

{¶ 37} In making its determination in *Cox*, the majority excluded the first day, December 10, and started counting on December 11, as required under R.C. 1.14. Then, because R.C. 1.45 calculates the period of a "month" as ending on the same numerical day in the next month, the *Cox* majority correctly counted three months from December 11 to March 11. *Id.* at ¶ 19-21.

{¶ 38} According to the majority, "[t]he *Cox* decision dealt strictly with the calculation of months and thus is inapposite to the question before us today about the meaning of 'within a year' under the saving statute." Majority opinion, ¶ 18. But that just shows the majority's misunderstanding of how to calculate time in this case—the majority ignores that "one year" is expressly defined to be 12 consecutive months. *Cox* is informative here because the time-calculating statutes enacted by the General Assembly *require us to count months* in this case—the twelve consecutive months that make up one year under the saving statute. That is that key point that the majority misses.

{¶ 39} But more confusing is the majority's analysis. It says:

> R.C. 1.45 applies "[i]f a number of months is to be computed by counting the months from a particular day." R.C. 1.14 explains how to count from a particular day—i.e., do not include the first day in the count but do include the last day. The *Cox* court went astray by reading R.C. 1.14's statement about *how* to do the counting as a statement about *when* the calculation begins.

(Bracketed text and emphasis in original.) Majority opinion at ¶ 17. That is, the majority itself says that in counting months, we do not include the first day—i.e., the "particular day" that is at issue. If we were to start counting from the "particular day" itself, we would not be excluding the first day from the calculation. A monthly calculation therefore starts on the next day, and per R.C. 1.45, "the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun."

{¶ 40} It might be counterintuitive that in counting 12 months, a year is 365 days (or 366 days in a leap year) plus a day from the triggering event. But the result is not so absurd that we can deviate from the literal meaning of the words the General Assembly wrote. *See* Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* 237 (2012).

{¶ 41} The court in *Cox* therefore got it right.

### Conclusion

{¶ 42} Under the statutes enacted by the General Assembly—the ultimate arbiter of public policy in this State—when Sauter dismissed his complaint on January 5, 2022, the last day he had to refile his complaint was January 6, 2023. Therefore, he timely refiled his complaint that day. Because the majority does not follow the law as written, I dissent and would affirm the court of appeals' judgment.

_____

Hrabcak & Co., L.P.A., Gregory A. Wetzel, and Michael Hrabcak; and Moyer Law Offices, L.P.A., and Stephen A. Moyer, for appellee.

Caborn & Butauski Co., L.P.A., and Joseph A. Butauski, for appellants.

_____