**[This opinion has been published in *Ohio Official Reports* at 175 Ohio St.3d 434.]**

OHIO PATROLMEN'S BENEVOLENT ASSOCIATION, APPELLANT, *v.* CITY OF CLEVELAND, APPELLEE.

[Cite as *Ohio Patrolmen's Benevolent Assn. v. Cleveland*, 2024-Ohio-2651.]

*Civil law—Arbitration Act—R.C. 2711.01 et seq.—To initiate proceedings to vacate an arbitration award under R.C. 2711.13, a party must file a motion, not a complaint, in court of common pleas and serve motion on either the party adverse to the award or that party's counsel—Judgment reversed in part and affirmed in part.*

(No. 2022-0724—Submitted April 05, 2023—Decided July 16, 2024.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 110816, 2022-Ohio-1403.

_____

DONNELLY, J., authored the opinion of the court, which FISCHER and STEWART, JJ., joined. KENNEDY, C.J., concurred in part and dissented in part, with an opinion joined by DEWINE and DETERS, JJ. BRUNNER, J., concurred in part and dissented in part, with an opinion.

**DONNELLY, J.**

{¶ 1} To obtain an order vacating an arbitration award under the Ohio Arbitration Act, R.C. 2711.01 et seq., a party must file an application in the court of common pleas and serve notice of that application on the adverse party or its attorneys. In this case, the party seeking vacatur filed an application in the form of a complaint and served the adverse party but not the attorneys who had represented that party in the arbitration proceedings. The question in this discretionary appeal is whether those actions met the statutory requirements for initiating vacatur proceedings.

## I.  Background

{¶ 2} This case arises from a labor dispute between the City of Cleveland and the Ohio Patrolmen's Benevolent Association—the union that represents dispatch supervisors in the Cleveland Division of Police Communications Center—concerning the scheduling of overtime.  Because this appeal does not involve the merits of the union's grievance or the arbitration award resolving it, there's no need to rehash the facts of that dispute here.  In line with the collective-bargaining agreement between the union and the city, the parties submitted their dispute to arbitration, and the arbitrator ultimately denied the union's grievance.  Relevant here is the fact that the city was represented by outside counsel in the arbitration proceedings.

{¶ 3} Following the denial of its grievance, the union sought to vacate the arbitration award under R.C. 2711.13.  The union captioned its filing with the Cuyahoga County Common Pleas Court as "Complaint: Application to Vacate Arbitration Award," and the filing's contents included numbered paragraphs identifying the parties, a jurisdictional statement, the facts, the cause of action, and a prayer for relief.  The filing also included the subheading "Motion to Vacate" on its second page.  Through a process server obtained by the clerk of courts, the union served its application to vacate the arbitration award on the city's law department, but it did not serve the attorneys who had represented the city in the arbitration proceedings.

{¶ 4} The city responded by filing an "Application to Confirm Arbitration Award" under R.C. 2711.09, along with a motion to dismiss or strike the union's complaint.  In support of its motion, the city alleged that the common pleas court lacked jurisdiction to consider the union's application because the union had not complied with the statutes and rules governing the initiation of vacatur proceedings.  After holding a hearing, the common pleas court denied the city's motion, concluding that the union had properly filed and served an application to vacate the

arbitration award. The trial court then set a supplemental briefing schedule to consider the merits of the union's application.

{¶ 5} While the parties' briefing in the common pleas court was pending, however, the Eighth District Court of Appeals issued a decision in a different case, refuting one of the legal bases that the common pleas court had relied on in denying the city's motion to dismiss. *See Cleveland Police Patrolmen's Assn. v. Cleveland*, 2021-Ohio-702, ¶ 14-15 (8th Dist.) (holding that a party's failure to serve an application to vacate an arbitration award on the outside counsel who represented the prevailing party in arbitration did not meet the service requirements under R.C. 2711.13 and Civ.R. 5(B), thereby depriving the common pleas court of jurisdiction to consider the application). Armed with this new precedent, the city asked the common pleas court to reconsider its denial of the city's motion to dismiss. And the city prevailed.

{¶ 6} Acknowledging that it was required to follow the precedent established by the Eighth District, the common pleas court found that the union's failure to serve its application to vacate on the outside counsel that represented the city in the arbitration proceedings before the deadline set out in R.C. 2711.13 deprived the common pleas court of jurisdiction to consider the application. As a result, it denied the union's application to vacate the arbitration award. The common pleas court also determined that it had jurisdiction to consider the city's application to confirm the arbitration award because that application had been properly filed and served within the statutory deadline set out in R.C. 2711.09. And because there was no longer a valid application to vacate the arbitration award, the common pleas court concluded that it was required under R.C. 2711.09 to grant the city's application to confirm the arbitration award.

{¶ 7} The Eighth District affirmed the common pleas court's judgment denying the union's application to vacate the arbitration award and granting the city's application to confirm the award. In a unanimous opinion, the court of

3

appeals concluded that the union's application contained two defects: First, the application did not meet the statutory requirements for initiating a vacatur action, because it was in the form of a pleading rather than a motion. 2022-Ohio-1403, ¶ 17 (8th Dist.).[1] Second, because the union did not serve its application to vacate on the outside counsel that represented the city in the arbitration proceedings, it did not initiate the vacatur proceedings within the statutory deadline. *Id.* at ¶ 24. The appellate court concluded that together, these defects deprived the common pleas court of jurisdiction over the union's application to vacate the arbitration award and supported the common pleas court's denial of that application. *Id.* at ¶ 26. This outcome, in turn, left the common pleas court "no choice" but to grant the city's application to confirm the arbitration award. *Id.* at ¶ 27.

{¶ 8} The union timely appealed to this court. We accepted the discretionary appeal to resolve (1) whom a party must serve when seeking to vacate an arbitration award in the court of common pleas and (2) what form the filing initiating that proceeding must take. *See* 2022-Ohio-2953.

## II. Discussion

{¶ 9} The procedure that parties must follow when requesting that a court of common pleas vacate an arbitration award is set out in statute. R.C. 2711.13; *see Galion v. Am. Fedn. of State, Cty. & Mun. Emps., Ohio Council 8, AFL-CIO, Local 2243*, 1995-Ohio-197, ¶ 11. As a result, the issues here find their resolution in the interpretation of the relevant statutes. And, as with all questions of statutory interpretation, they are questions of law that we review de novo. *See BST Ohio Corp. v. Wolgang*, 2021-Ohio-1785, ¶ 14, citing *State v. Pettus*, 2020-Ohio-4836, ¶ 10.

---

1. We note that the Eighth District concluded that the court of common pleas should have granted the city's motion to strike the union's application on this basis. *See* 2022-Ohio-1403 at ¶ 14, 17 (8th Dist.). But despite recognizing this error, the court of appeals affirmed the court of common pleas' judgment denying the union's motion to vacate the arbitration award. *Id.* at ¶ 28.

{¶ 10} When interpreting statutory provisions, our goal is to give effect to the legislature's intent in enacting the statute—an intent we discern by reading the statutory language in context and according to the rules of grammar and common usage. *Gabbard v. Madison Local School Dist. Bd. of Edn.*, 2021-Ohio-2067, ¶ 13, citing *State ex rel. Steele v. Morrissey*, 2004-Ohio-4960, ¶ 21. And in doing so, we "neither add to nor delete from the statutory language." *Id.*, citing *Columbia Gas Transm. Corp. v. Levin*, 2008-Ohio-511, ¶ 19.

*A. R.C. 2711.13 allows a party seeking the vacatur of an arbitration award to serve either the opposing party or that party's counsel*

{¶ 11} Once an award has been made in an arbitration proceeding, any party to the arbitration may request the appropriate court of common pleas to either vacate or modify the award for one of the reasons set out in R.C. 2711.10 and 2711.11, respectively. To initiate this process, the party seeking review must file a motion in the court of common pleas requesting "an order vacating, modifying, or correcting" the arbitration award. R.C. 2711.13. That party must also serve notice of the motion "upon the adverse party or [that party's] attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of a notice of a motion in an action." *Id*. The first question presented here is whether this statutory provision required the union, as the party seeking the vacatur of an arbitration award in the common pleas court, to serve notice of that action to the counsel that represented the city in the arbitration proceeding. Contrary to the court of appeals' holding, we believe the statute does not impose this requirement.

{¶ 12} To understand why, we begin with the statutory text. R.C. 2711.13 states that once a party applies for vacatur of an arbitration award in the court of common pleas, it must serve notice of that filing "upon the adverse party *or* [that party's] attorney." (Emphasis added.) In its common meaning and usage, "or" sets off alternatives or choices. *See Webster's Third New International Dictionary* (2002) (defining "or"). Consider the classic after-dinner question, "Coffee or tea?"

The average English speaker presented with this query would understand that she could order coffee, she could order tea, or (if she was in especial need of caffeination) she could order both. *See* Garner, *Garner's Modern English Usage* (4th Ed. 2016) (entry on use of "and/or"). So too here. The language in R.C. 2711.13 sets out three alternatives by which a party can comply with the statute's mandatory-service requirement: by serving the adverse party, by serving the adverse party's attorney, or by serving both. This interpretation of the statutory text follows our ordinary understanding and usage of "or."

{¶ 13} R.C. 2711.13 does not consist solely of the alternatives regarding to whom a party must serve notice of its application to vacate an arbitration award. The statute also requires that service of the notice be completed "as prescribed by law for service of notice of a motion in an action." In the past, this court has interpreted the "prescribed by law" language used in R.C. 2711.13 as making the requirements for service of notice of an application to vacate an arbitration award subject to the service requirements for motions set out in Civ.R. 5(B). *Cox v. Dayton Pub. Schools Bd. of Edn.*, 2016-Ohio-5505, ¶ 15-16. Indeed, the Eighth District relied on this court's decision in *Cox* when concluding that the procedures set out in R.C. 2711.13 are subject to Civ.R. 5(B)(1)'s requirement that when a party is represented by counsel, service must be made on that party's attorney. 2022-Ohio-1403 at ¶ 19-20 (8th Dist.).

{¶ 14} But *Cox* does little to help resolve the question here. In *Cox*, an arbitrator found that the Dayton Public Schools Board of Education had just cause to terminate Cox's employment as an intervention specialist with the public school system. *Cox* at ¶ 2-3. Cox sought modification of the arbitration award by filing a motion in the court of common pleas. That same day, the clerk of courts sent a copy of the motion to the board by certified mail. And the next day, Cox sent a copy of the motion to the board's attorney, also by certified mail. *Id.* at ¶ 4. While the copies of the motion were sent within the three-month deadline set out in R.C.

2711.13, the board alleged that it had not received notice of the motion before the statutory three-month deadline passed. *Cox* at ¶ 5. Thus, the operative question before this court was whether an adverse party had to receive notice of an application to vacate an arbitration award within the three-month period for service set out in R.C. 2711.13. *See Cox* at ¶ 13. That question was not resolved by an express provision of the statutory text. Rather, it fell under the part of the statutory language stating that service of the notice of an application to vacate an arbitration award must be made "as provided by law," R.C. 2711.13. And so, this court looked to the Ohio Rules of Civil Procedure and determined that the relevant provisions defined service by mail or by a commercial carrier as being complete when the relevant filing is mailed or delivered to the carrier. *Cox* at ¶ 16, citing Civ.R. 5(B)(2)(c) and (d). To be sure, our decision in *Cox* also mentioned in passing Civ.R. 5(B)(1)'s requirement that service be made on a represented party's attorney, *see Cox* at ¶ 16, but application of that provision was not intrinsic to this court's reasoning or necessary to its conclusions.

{¶ 15} By contrast, the question here deals with a possible contradiction between the statutory provision and the Civil Rules regarding on whom a party initiating proceedings to vacate an arbitration award needs to serve notice. The plain text of R.C. 2711.13 permits service on either the adverse party or that party's attorney, seemingly regardless of whether the adverse party is represented; the plain text of Civ.R. 5(B)(1) requires service on a represented party's counsel. Generally, when a statutory provision conflicts with the Civil Rules, the rule controls procedural issues and the statute controls matters of substantive law. *Ferguson v. State*, 2017-Ohio-7844, ¶ 20, citing *Boyer v. Boyer*, 46 Ohio St.2d 83, 86 (1976) and Ohio Const., art. IV, § 5(B). But the Civil Rules do not always preempt statutory law, even on procedural matters. Under Civ.R. 1(C), the Civil Rules do not apply to special statutory proceedings in which the procedure set out in the statute would render the civil rule "clearly inapplicable."

{¶ 16} It is undisputed that a court of common pleas' ability to confirm, modify, or vacate an arbitration award is a special statutory proceeding. *See, e.g.*, *Corrado v. Lowe*, 2015-Ohio-1993, ¶ 23 (11th Dist.); *Brookdale Senior Living v. Johnson-Wylie*, 2011-Ohio-1243, ¶ 7 (8th Dist); *MBNA Am. Bank, N.A. v. Anthony*, 2006-Ohio-2032, ¶ 12 (5th Dist.). So the question becomes whether the statutory requirements of R.C. 2711.13 regarding service of notice make the requirements of Civ.R. 5(B)(1) clearly inapplicable. They do.

{¶ 17} A civil rule is clearly inapplicable to a special statutory proceeding when its "'use will alter the basic statutory purpose for which the specific procedure was originally provided in the special statutory action.'" *Price v. Westinghouse Elec. Corp.*, 70 Ohio St.2d 131, 133 (1982), quoting *State ex rel. Millington v. Weir*, 60 Ohio App.2d 348, 349 (10th Dist. 1978). As discussed earlier, a party complies with the service requirements set out in R.C. 2711.13 by serving notice of its application to vacate an arbitration award on either the adverse party or that party's counsel. While the notice must be served "as prescribed by law for service of notice of a motion in an action," R.C. 2711.13, there is nothing in the statutory language to suggest that the Civil Rules are incorporated in their entirety into the statutory requirements. Indeed, this interpretation is bolstered by R.C. 2711.05, which states that applications to the court of common pleas to vacate arbitration awards shall be made "in the manner provided by law for the making . . . of motions, *except as otherwise provided*" (emphasis added.) in the relevant sections of Ohio's Arbitration Act. Read together, R.C. 2711.05 and 2711.13 reveal the General Assembly's underlying intention: the Civil Rules guide the way in which notice of an application to vacate an arbitration award is to be served but do not supersede express provisions set out in those particular statutes.

{¶ 18} The statutory interpretation that the Eighth District used in its analysis and that the city advocates for here would undermine that intention. If we were to adopt the reading of R.C. 2711.13 advocated by the city, Civ.R. 5(B)(1)

would limit R.C. 2711.13—which contains the more expansive service provision—by requiring a party initiating vacatur proceedings to serve the attorneys that represented the adverse party in the arbitration proceedings. This would make the language in R.C. 2711.13 instructing the applicant to serve notice of its application for vacatur on a party or the party's counsel a dead letter. Unlike our reasoning in *Cox*—a case in which the Civil Rules augmented the process set out in the statute and in which we relied on the Civil Rules to answer a question that was not answered by the statutory text—applying Civ.R. 5(B)(1) here would contradict an express term of the statute and frustrate any purpose or intent the General Assembly had in enacting R.C. 2711.13.

{¶ 19} In sum, R.C. 2711.13 does not require a party requesting the court of common pleas to vacate an arbitration award to serve the counsel that represented the adverse party in the arbitration proceedings. Under the statutory language, it is enough for the party initiating the vacatur action to serve either the adverse party or that party's counsel. In reaching this resolution, we recognize that common sense suggests that the party initiating vacatur proceedings should serve both the adverse party and any counsel that represented the adverse party in the arbitration proceedings. But the law doesn't compel common sense. And here, following the letter of the law is enough to satisfy its requirements.

{¶ 20} Resolution of this first question, however, does not resolve this appeal. Even if the union satisfied the requirements of R.C. 2711.13 by serving its application to vacate the arbitration award on the city but not on the counsel who represented the city in the arbitration proceedings, the question whether the form of the union's application met the statutory requirements of R.C. 2711.13 remains. And it is to that question that we now turn.

*B. An application to vacate an arbitration award that is in the form of a pleading does not meet the requirements under R.C. 2711.05 and R.C. 2711.13*

{¶ 21} Just as with the first question in this appeal, our consideration of the proper form of the filing that initiates an action to vacate an arbitration award in the court of common pleas begins with the statutory text of R.C. 2711.05 and 2711.13. We've seen both of these statutes before. The first is the more general provision. Under R.C. 2711.05, "[a]ny application to the court of common pleas under sections 2711.01 to 2711.15, inclusive, of the Revised Code, shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise expressly provided in such sections." The second is R.C. 2711.13, which allows "any party to an arbitration [to] file a motion in the court of common pleas for an order vacating . . . the [arbitration] award as prescribed in section[ ] 2711.10 . . . of the Revised Code."

{¶ 22} When read together the provisions are straightforward. Both provisions unambiguously state that when a party applies to vacate an arbitration award in the court of common pleas, the application must be in the form of a motion. R.C. 2711.05 and 2711.13. Likewise, the statutory language directs the court of common pleas to consider an application to vacate an arbitration award "in the manner provided by law" for considering motions. R.C. 2711.05. The text is clear, and there is no reason to apply it other than as written.

{¶ 23} Despite the clear language of these provisions, the union asks us to hold that its filing in the court of common pleas—which was in the form of a pleading and titled as a complaint—nevertheless satisfied these statutory requirements. This we decline to do.

{¶ 24} A motion is not a pleading, nor is a pleading a motion. A motion is an application by a litigant to a court for a specific order. Civ.R. 7(B)(1); *see also Black's Law Dictionary* (11th Ed. 2019) (defining "motion" as "[a] written or oral application requesting a court to make a specified ruling or order"). Under the Civil

Rules, a motion must set out the order that the litigant is asking the court to enter or the relief that the litigant is asking the court to provide. Civ.R. 7(B)(1). The motion must also "state with particularity the grounds" supporting the litigant's request. *Id.* Under these definitions, a motion acts as a sort of "catchall" filing during litigation: if a litigant wants a court to do something, he or she files a motion asking the court to do it. The responsibility for service of a motion falls on the party filing the motion, who must provide a signed proof of service with the motion stating the "date and manner" of service. Civ.R. 5(B)(4). Indeed, failure to include proof of service denies the court its ability to consider the motion. *Id.*

{¶ 25} By contrast, a pleading is a far more limited type of filing. A pleading is generally defined as "[a] formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses." *Black's*. The Civil Rules do not provide their own definition of "pleading," but their requirements for pleadings largely incorporate the general definition. Pleadings that include a claim for relief must also include a statement asserting that the party filing the pleading is entitled to that relief and a demand for judgment on that claim. Civ.R. 8(A). Similarly, a responsive pleading must include all defenses to any claims asserted by the opposing party, denials of any facts on which those claims rest, and an assertion of any affirmative defenses on which the party might rely. Civ.R. 8(B) and (C).

{¶ 26} The Civil Rules identify only seven types of filings as pleadings: a complaint, an answer, a reply to a counterclaim, an answer to a crossclaim, a third-party complaint, a third-party answer, and a reply to a third-party answer if ordered by the court. Civ.R. 7(A). A complaint is the pleading that initiates a civil action under the rules. Civ.R. 3(A); *see also Black's* (defining "complaint" as "[t]he initial pleading that starts a civil action and states the basis for the court's jurisdiction, the basis for the . . . claim, and the demand for relief"). The clerk of courts is responsible for issuing and serving both a summons and a copy of the complaint to

the defendants named in the complaint, Civ.R. 4(A) and (B). All other pleadings identified in the Civil Rules are subject to the service requirements set out in Civ.R. 5, which governs service of pleadings and other documents filed after the initial complaint.

{¶ 27} To be sure, a motion and a pleading are similar—they are both papers filed in a court during litigation to try to achieve a desired outcome. But they are not synonymous. As illustrated by the discussion above, a pleading (especially a complaint) is meant to initiate a legal action; a motion is meant to resolve a legal question arising during that action or even resolve the action itself. Considering these differences, the General Assembly's decision to require a party seeking vacatur of an arbitration award to initiate those proceedings by filing a motion makes sense. If a court of common pleas decides to vacate an arbitration award for one of the reasons listed in R.C. 2711.10(A) through (D), it does so by entering an order. Therefore, a party seeking to vacate an arbitration award would do so by making a request to the court to enter an order—in other words, by filing a motion. In this way, proceedings to vacate an arbitration award are not akin to the initiation of a civil action with the filing of a pleading and issuance of a summons. *See* R.C. 2307.01 (defining "action" as an "ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree, by which a party prosecutes another for the redress of a legal wrong, enforcement of a legal right, or the punishment of a public offense"). Instead, under the plain language of the statutes setting out the procedure for vacating an arbitration award in the court of common pleas, that special proceeding must be initiated through the filing and service of a motion.

{¶ 28} Applying these principles to the facts here, we conclude that the union's filing to initiate vacatur proceedings did not meet the statutory requirements of R.C. 2711.13. First, the filing's form was that of a pleading and not a motion. In its filing titled "Complaint: Application to Vacate Arbitration Award," the union

set out in numbered paragraphs the identification of the parties, the court of common pleas' jurisdiction, an extensive statement of facts, a cause of action, and a prayer for relief. Put another way, the union's filing contains the component parts of a pleading as understood in Civ.R. 8(A) and meets the general definition of "pleading." Second, the filing's content falls well below what is expected in a motion. Even though the union included in its filing a subheading titled "Motion to Vacate," simply calling a document a motion does not make it so. Civ.R. 7(B)(1) provides that a motion must state "with particularity the grounds" that support the court's granting the relief or order requested. To be sure, the union's filing asserts that the arbitrator committed misconduct during the arbitration process—one of the statutory bases set forth in R.C. 2711.10 for vacating an arbitration award—and it provides brute assertions to support that claim. But it provides little else to explain why the court of common pleas should enter the desired order. In particular, the union's filing does not contain citations to any legal authority, apart from its invocation of the statute, nor does it provide any analysis applying the law to the facts here and explaining why the court should vacate the arbitration award. What is more, the union's filing does not include a certificate of service as required for motions under Civ.R. (5)(B)(4). Rather, it appears the clerk of courts served a summons on the city through a process server—the form of service that follows the filing of a complaint initiating a civil action, *see* Civ.R. 4(A) and 4.1(B)(1).

{¶ 29} Were this an ordinary proceeding in which an initial pleading would be followed by the trappings of "process, pleadings, and ending in judgment," R.C. 2307.01, then perhaps the union's perfunctory filing would have been enough. But under the statutory provisions for these types of special proceedings, a court of common pleas vacates an arbitration award by issuing an order. R.C. 2711.10. A party requests that order by filing a motion. R.C. 2711.13. And a motion must provide with particularity the grounds for the court's granting the motion rather than simply make allegations such as those contained in a pleading. *Compare*

13

Civ.R. 7(B)(1) (providing directions for filing a motion) *with* Civ.R. 7(A) (identifying the types of pleadings in a civil action) and Civ.R. 8 (setting out what information must be included in a pleading). Indeed, the union's own actions here show that its initial filing failed to meet the requirements of a motion. After its initial filing and the common pleas court's denial of the city's motion to dismiss, the union filed a "supplemental motion" to vacate the arbitration award well outside the three-month deadline set out in R.C. 2711.13. In that filing, the union provided factual citations to the record, it referenced legal authorities beyond a conclusory invocation of statutory provisions, and it provided the common pleas court with a legal analysis explaining why it was entitled to the order it requested. The supplemental motion was not so much an enhancement of the union's original filing but was a replacement for it. If the union's initial filing had met the requirements of a motion by setting forth the grounds for the requested order, then a supplemental motion would not have been needed.

{¶ 30} Nor is the deficiency with the union's initial filing remedied by the union's attaching to that filing the documents required for an application to vacate an arbitration award under R.C. 2711.14. Under that statute's text, a party asking for an order vacating an arbitration award must file the papers listed in the statute on top of—not in place of—its application. And as discussed already, the application to vacate the arbitration award must be made in the form of a motion. *See* R.C. 2711.13. Regardless of what documents accompanied the union's initial filing, the union still needed to ensure that the filing itself met the statutory requirements. And it did not.

{¶ 31} In reaching these conclusions, we are mindful that, as a rule, courts should assess filings based on their content rather than their form, thereby ensuring cases are resolved on the merits rather than a party's compliance with technicalities. *See Peterson v. Teodosio*, 34 Ohio St.2d 161, 175 (1973) ("The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies.").

But in this case, form dictates content. Unlike a pleading that initiates an action, a motion seeking to vacate an arbitration award is one step in an already ongoing proceeding. It comes after the parties have completed an underlying arbitration process, and—consistent with the statutory requirements and the nature of motions—it needs to identify the alleged errors with the arbitration award and explain why those errors warrant the court of common pleas' entering an order vacating that award. Simply providing notice of a party's claim that an arbitration award should be vacated, in the manner of factual recitations and conclusory assertions of law, not only fails to meet the formal requirements of R.C. 2711.13, but it does not give the court of common pleas adequate content on which to decide whether to enter the requested order. Similarly, a motion with a proper legal and factual analysis provides the adverse party with notice that the upcoming proceedings are not just another ordinary proceeding subject to the requirements of the Civil Rules. Rather, the filing of a motion distinguishes the application to vacate the arbitration award for what it is—a special proceeding governed by unique statutory requirements.

### III. Conclusion

{¶ 32} For these reasons, we agree with the union that a party filing an application in the court of common pleas to vacate an arbitration award satisfies the service requirements of R.C. 2711.13 when it serves either the adverse party to the award or that party's counsel. And, consistent with that conclusion, we reverse that part of the Eighth District Court of Appeals' decision that reaches a contrary conclusion.

{¶ 33} But even if the union met R.C. 2711.13's service requirements, the union's filing did not meet the statute's requirement that an application to vacate an arbitration award be made in the form and manner of a motion. In short, even if the union served the proper entity, what it served did not meet the statutory requirements for initiating the special proceeding for vacating an arbitration award

in the court of common pleas. And so we affirm the Eighth District Court of Appeals' judgment on that issue, thereby leaving intact its affirmance of the court of common pleas' denial of the union's application to vacate the arbitration award.

Judgment reversed in part

and affirmed in part.

———————————

**KENNEDY, C.J., joined by DEWINE and DETERS, JJ., concurring in part and dissenting in part.**

{¶ 34} I agree with the majority's holding that when a party disputes an arbitration award by motion, R.C. 2711.13 controls the methods by which the motion must be served and that service of the motion on either the adverse party to the award or that party's counsel meets the statutory service requirements.

{¶ 35} But, in my view, the majority errs by holding that the filing by appellant, the Ohio Patrolmen's Benevolent Association ("the union"), did not meet the statutory requirement that a filing in which a party asks a court of common pleas to vacate an arbitration award be made in the form and manner of a motion. The majority reaches this conclusion by setting out the form and contents of the union's filing and then deciding whether that filing is a pleading or a motion. However, with this approach, the majority reaches the wrong conclusion. Rather, the way to determine whether the union's filing met the statutory requirements and complied with the rules for filing motions is by a straightforward application of the Ohio Arbitration Act, R.C. 2711.01 et seq., and the Ohio Rules of Civil Procedure. There is no need to decide whether the union's filing is more like a pleading or a motion; instead, the question is whether the union followed the Civil Rules that govern the filing of motions.

{¶ 36} Because the majority goes beyond the Civil Rules and dictates the type of content that is required for a filing to be considered a motion and does not simply follow the Arbitration Act and the Civil Rules, I dissent.

16

{¶ 37} The union's filing in this case meets the requirements of R.C. 2711.13 and the requirements for a motion as outlined by the Civil Rules. The Civil Rules overlay the requirements of R.C. 2711.13, and applying the rules to the facts of this case demonstrates that the form and substance of the union's filing are that of a motion that is also an initial filing.

{¶ 38} The union's filing was captioned "Complaint: Application to Vacate Arbitration Award." However, the union's filing also included the subheading "Motion to Vacate." Additionally, in its filing, the union (1) included the statutory basis on which it argued that the arbitration award should be vacated, (2) alleged facts that supported that basis, (3) included the documents that are statutorily required to accompany a motion to vacate an arbitration award, and (4) set forth a request for specific relief—conforming to the requirements for a motion to vacate an arbitration award under the Arbitration Act and the Civil Rules.

### I. Requirements of an R.C. 2711.13 Motion and Civ.R. 7(B)

{¶ 39} Before discussing the requirements of an R.C. 2711.13 motion to vacate an arbitration award, we clarify the interchangeable use of the terms "application" and "motion" as used in the Arbitration Act. The process by which a party to an arbitration may seek to either dispute or confirm the arbitration award is done by application. *See* R.C. 2711.05, 2711.09 through 2711.11, and 2711.14. However, R.C. 2711.13 unambiguously requires the application for an order to vacate, modify, or correct an arbitration award to be made by motion. Therefore, the terms "application" and "motion" may be used interchangeably in this context. R.C. 2711.05 states that an R.C. 2711.13 application must be made "in the manner provided by law for the making and hearing of motions"—i.e., the application must be made in accordance with the Civil Rules.

{¶ 40} Civ.R. 7(B) is the only section of the Civil Rules that applies exclusively to motions and provides requirements for the filing of a motion. Civ.R. 7(B) has four subsections that set out a total of six requirements for the filing

of a motion. Civ.R. 7(B)(1) sets out the first four requirements: a motion must (1) be made in writing (when not made during a trial or hearing), (2) state with particularity the grounds therefor, (3) set forth the relief or order sought, and (4) be served according to Civ.R. 5 (unless it is to be heard ex parte). Civ.R. 7(B)(2) addresses a court's ability to decide motions with or without holding oral hearings. Civ.R. 7(B)(3) contains the fifth requirement for the filing of a motion: the motion must follow the rules applicable to captions, signing, and other matters of form of pleading. And Civ.R. 7(B)(4) contains the sixth requirement for motions: a motion must be signed in accordance with Civ.R. 11.

{¶ 41} Therefore, contrary to the majority's assertion, the Civil Rules do not require that motions contain any legal authority beyond statutory citations, nor do the rules require that a motion contain an analysis applying the law to the facts at issue. *See* majority opinion, ¶ 28. These requirements that the majority states must be present for a filing to constitute a motion are matters of content that are not required by the Arbitration Act or the Civil Rules. In fact, "[n]o technical forms of pleading *or motions* are required." (Emphasis added.) Civ.R. 8(E)(1).

{¶ 42} Where there is substantive variation between what is generally found in a motion and what the union filed in this case, the Civil Rules that apply to an initial filing explain the variance.

## II. The Initial Filing in an Action Is, By Definition, a Complaint

{¶ 43} The only way to commence a civil action is by filing a complaint with the court. *See* Civ.R. 3(A). The majority recognizes this fact. *See* majority opinion at ¶ 26 ("A complaint is the pleading that initiates a civil action under the rules. Civ.R. 3(A)."). However, despite the fact that the union's application was the initial filing before the Cuyahoga County Common Pleas Court in this matter, the majority takes issue with the union's captioning its filing a "Complaint: Application to Vacate Arbitration Award."

**{¶ 44}** The union's filing also included the identification of the parties, and a statement of the court's jurisdiction, and it was served with a summons. In practice, a party's initial filing provides the court with information that identifies the parties, and it states whether the parties have standing and under which statute or rules the court may exercise jurisdiction over the subject matter and the parties. This information is key for courts to determine whether the issue and the parties are properly before it. However, the majority finds that the inclusion of this information in an application to vacate an arbitration award filed under R.C. 2711.13 does not allow the filing to be classified as a motion. *See* majority opinion at ¶ 28. Moreover, the issuance of a summons and the service of process properly place the parties under the jurisdiction of the common pleas court. *See Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 64 (1956) ("It is axiomatic that for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance . . . .").

**{¶ 45}** Following the majority's approach, serving an R.C. 2711.13 motion under Civ.R. 5 (i.e., serving the motion without a court-issued summons) leaves open the question whether the party being served is subject to the jurisdiction of the court without having made an appearance. The better approach is for service of such a motion to include a summons, be completed using a method set forth in Civ.R. 5, and be docketed. This would ensure compliance with the Civil Rules' requirements for the filing of a motion while also taking into consideration the jurisdictional requirements of the court when a party seeks to have a court review an arbitration award.

**{¶ 46}** In short, when a party makes its initial filing under R.C. 2711.13, the procedural components for the filing of a pleading should be allowed (e.g., by serving the filing with a summons), because the requirements for filing a motion under the Civil Rules do not account for the process of bringing the matter and the parties before a common pleas court. Regardless, the Civil Rule that instructs

courts to assess filings based on their content rather than their form should be followed. *See* Civ.R. 8(E)(1). Form does not dictate content beyond what the Civil Rules require.

### III. The Union's Filing Met the Requirements for a Motion

*A. Civ.R. 7(B)(1)*

{¶ 47} Applying the first four requirements for filing a motion to the facts here demonstrates that the union's filing complied with Civ.R. 7(B)(1): the union's filing (1) was in writing; (2) stated the statutory basis on which the union sought to have the arbitration award vacated and the alleged facts that would allow the court to grant an order to vacate, telling the court precisely why the award should be vacated under R.C. 2711.10; (3) specifically requested an order vacating the arbitration award; and (4) was served on the adverse party by a process server, with proof of service separately filed.

{¶ 48} Because the union's application was successfully served on the adverse party and proof of service was docketed, the union's filing was compliant with Civ.R. 5(B). The plain language of Civ.R. 5(B)(4) does not require that a certificate of service be filed contemporaneously with a motion; instead, proof of service may be filed separately.

{¶ 49} As noted by the majority, this court previously stated in *Cox v. Dayton Pub. Schools Bd. of Edn.*, 2016-Ohio-5505, that Civ.R. 5(B) applies to service requirements for an R.C. 2711.13 motion. *See* majority opinion at ¶ 13. While the decision in *Cox* is not dispositive of either proposition presently before this court, it should be considered instructive, especially with respect to how we interpret requirements for the service of an application filed under R.C. 2711.13.

{¶ 50} In *Cox*, the party disputing the arbitration award filed a motion in common pleas court and gave the clerk instructions for serving the motion. This court declined to consider the proposition of law "which raised the issue of [the disputing party]'s failure to comply with Civ.R. 5(B)(4)." *Cox* at ¶ 17. However,

we recognized that "Civ.R. 5(B)(4) states simply that motions 'shall not be considered until proof of service is endorsed thereon or separately filed.'" *Cox* at ¶ 18. Additionally, we noted that the trial court's docket showed that the clerk had sent a copy of the motion to the adverse party and that service had been successful. *Id.*

{¶ 51} Here, the union's filing was served by a process server, along with a summons. Service was docketed as successful. This service met Civ.R. 5's requirements for service of a motion, and there is nothing about the process undertaken by the union in this case that prevents its filing from being a motion. Nothing in the Civil Rules states that a motion may not be served with a summons when it is the initial filing in a civil action.

## B. Civ.R. 7(B)(3)

{¶ 52} Notably, the fifth requirement for filing a motion, which is set forth in Civ.R. (7)(B)(3)—a subsection that the majority conspicuously fails to discuss— states, "The rules applicable to captions, signing, and other matters of form of pleading apply to all motions and other papers provided for by these rules." So with regard to matters of form, the Civil Rules that apply to the filing of pleadings also apply to the filing of motions.

{¶ 53} Applying Civ.R. 7(B)(3) to the union's filing shows that the union followed the rules applicable to captions, signing, and other matters of form for pleadings. The filing's caption followed Civ.R. 10(A), which addresses the form of captions for pleadings. The caption included the names and addresses of all the parties; set forth the name of the court, the title of the action, and the case number; and was labeled a "complaint"—denoting it as the initial filing before the common pleas court. Notably, Civ.R. 7(B)(3) indirectly incorporates Civ.R. 10(A).

{¶ 54} The majority's assertion that because the union's filing is captioned as a complaint it is therefore a pleading and not a motion does not logically follow from an application of the Civil Rules. With respect to whether the filing's

21

SUPREME COURT OF OHIO

designation as a "complaint" prohibited the court from considering the filing to be a motion, Civ.R. 7(B)(3) controls, allowing such a caption to be used for a motion filed under R.C. 2711.13.

{¶ 55} Lastly, motions are not required to have a strict form, as demonstrated by Civ.R. 7(B)(3)'s directive that the rules applicable to all "other matters of form of pleading" are also applicable to motions.

*C.  Civ.R. 7(B)(4)*

{¶ 56} Regarding the sixth and final requirement for the filing of motions, Civ.R. 7(B)(3) and (4) overlap—both require the filing to be signed in accordance with Civ.R. 11.  And the union's filing complied with that requirement.

**IV.  Conclusion**

{¶ 57} When a party that seeks to dispute or confirm an arbitration award files an application with a court of common pleas, it must do so by motion as statutorily required.  However, the Civil Rules provide broad requirements for the filing of motions, and in this instance, although the union's filing requesting review of an arbitration award did not match perfectly with those rules, it should be read in a manner that achieves its substantive purpose—here, challenging the arbitration award on statutorily defined grounds.

{¶ 58} As discussed above, the union's filing, however inartful, met the statutory requirements of the Arbitration Act and conformed with the Civil Rules. For these reasons, while I concur in the majority's holding on the first proposition of law, I dissent from the majority's holding on the second proposition of law.  I would reverse the judgment of the Eighth District Court of Appeals in its entirety.

_____

**BRUNNER, J., concurring in part and dissenting in part.**

{¶ 59} I agree with the majority opinion's resolution of the second proposition of law raised by appellant, the Ohio Patrolmen's Benevolent Association ("the union").  I disagree, however, with the majority's resolution of

the union's first proposition of law.

{¶ 60} R.C. 2711.13 provides that after an award is made in an arbitration proceeding, any party to the arbitration may file a motion in a court of common pleas seeking to vacate, modify, or correct the award. That statute requires the movant to serve the motion as follows:

> Notice of a motion to vacate, modify, or correct an award must be served upon *the adverse party or his attorney* within three months after the award is delivered to the parties in interest, *as prescribed by law for service of notice of a motion in an action*.

(Emphasis added.) R.C. 2711.13. The Ohio Rules of Civil Procedure may be considered to be "as prescribed by law" because the Ohio Constitution invests this court with the duty of prescribing "rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge or modify any substantive right." Ohio Const., art. IV, § 5(B). When this court carries out its constitutional duty and prescribes or amends the Rules of Civil Procedure, we must, "not later than the fifteenth day of January," file such rules and amendments "with the clerk of each house of the general assembly during a regular session thereof" and file "amendments to any such proposed rules . . . not later than the first day of May in that session." *Id.* Proposed rules and amendments become effective "on the following first day of July, unless prior to such day the general assembly adopts a concurrent resolution of disapproval." *Id.* Further, "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." *Id.* It is not difficult to discern how the Rules of Civil Procedure, having been prescribed by this court in accordance with Article IV, Section 5 of the Ohio Constitution, are "provided by law" as that phrase is used in R.C. 2711.13.

{¶ 61} Moreover, Civ.R. 5, by its terms, is consistent with the procedure set

out in the final clause of R.C. 2711.13.  Civ.R. 5(B)(1) provides:

> Whenever a party is not represented by an attorney, service under this rule shall be made upon the party.  If a party is represented by an attorney, service under this rule shall be made on the attorney unless the court orders service on the party.

{¶ 62} The majority questionably holds that the union did not need to comply with Civ.R. 5(B)(1) when it sought to vacate an arbitration award.  It ultimately bases its decision on the conclusion that applying Civ.R. 5(B)(1) here would contradict the express terms of R.C. 2711.13 that permit the movant to serve "the adverse party or his attorney."  *See* majority opinion, ¶ 18.  That conclusion is inconsistent with the state Constitution and with what is prescribed by law "for service of notice of a motion in an action," R.C. 2711.13.  Note that the last sentence of Article IV, Section 5(B) of the Ohio Constitution provides that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."  Thus, a party filing a motion under R.C. 2711.13, which was most recently amended effective August 31, 1976, *see* H.B. No. 143, 136 Ohio Laws, Part I, 1585, 1585-1586, is deemed under our state Constitution to be subject to the requirements of Civ.R. 5(B)(1), the latter having been most recently amended effective July 1, 2022, *see* 2022-Ohio-1388.

{¶ 63} Even more troubling, the majority reaches its conclusion about the union's first proposition of law by minimizing the importance of notice and by likening a party and his or her attorney's service of a motion filed under R.C. 2711.13 to "the classic after-dinner question, 'Coffee or tea?,'" majority opinion at ¶ 12.  Little could be more antithetical to an orderly legal system that guarantees the substantive right of procedural due process.  When the majority reads R.C. 2711.13 as giving the movant a choice of whom to serve, despite later-adopted

Rules of Civil Procedure that provide otherwise and constitutionally survive a perceived conflict with existing law, the majority ignores the requirements of the foundational document of Ohio's government—the Ohio Constitution. That document is the core of this court's existence and our rules for operation. And, trivializing this grave departure by likening it to the question of a dinner guest being offered an after-dinner beverage is a disappointing approach for the majority to take. If a rule that is adopted after a statute is enacted or amended conflicts with the statute, the statute "shall be of no further force or effect after such rule[] ha[s] taken effect." Ohio Const., art. IV, § 5(B).

{¶ 64} Finally, R.C. 2711.13 does not give the movant an open-ended choice about whom it must serve. Rather, it creates a *duty* or an *obligation* on the part of the movant to ensure proper service: the movant must serve notice of its motion "upon the adverse party or his attorney within three months after the award is delivered to the parties in interest," R.C. 2711.13. The statute then points to additional rules that address how the movant's duty should be carried out: notice must be given "as prescribed by law for service of notice of a motion in an action," R.C. 2711.13.

{¶ 65} Staying with the example of what to serve after dinner, the following is a more apropos analogy than that used in the majority opinion: The owner of a catering company, while training a new employee, instructs the employee as follows, "As a matter of practice, after serving dinner at an event, you must serve guests coffee or brandy at least 30 minutes before the end of the event, as prescribed by the client." The employee then works at an event where the client tells her, "My guests can't drink alcohol for health reasons, so don't serve brandy." In that situation, the average English speaker would understand that the employee could serve coffee but that if she serves brandy, she will likely be fired.

{¶ 66} In the above example, the word "or" in the employer's instruction permits two alternatives for the employee's after-dinner service while still allowing

for the possibility that one of those alternatives may not be feasible in a particular situation, e.g., when the client prescribes that it is not an option. Clearly, the owner of the catering company was not prescribing to the employee that either choice would be acceptable to every client. Neither does R.C. 2711.13 prescribe that a person filing a motion under that statute has the right to choose whether to serve "the adverse party or his attorney," especially when that choice is subject to what is "prescribed by law for service of notice of a motion in an action," R.C. 2711.13. Instead, the employee in the analogy and the movant in this matter are both given an instruction and then told to comply with additional rules when following the instruction. In neither situation does the phrase "as prescribed by" cause a contradiction of the initial instruction when by its terms it channels the actor's conduct toward a particular alternative (service of coffee, and similarly, service of notice of a motion on a party's attorney). It is ludicrous for this court in its governing role over the professional conduct of attorneys to err in favor of a free-for-all for litigation-document service, thereby hindering the efficient administration of justice and fostering "gotcha" scenarios that suborn a lack of fair process.

{¶ 67} Civ.R. 5(B)(1) must be observed and followed by a party filing a motion under R.C. 2711.13. The union's failure to do so before the deadline set forth in R.C. 2711.13 deprived the trial court of jurisdiction. Accordingly, I respectfully dissent from the opinion of the majority as it pertains to the resolution of the union's first proposition of law and would affirm the judgment of the Eighth District Court of Appeals for the reasons stated in this dissent.

––––––––––––––––––

Danielle M. Chaffin and Dominic D. Saturday, for appellant.

Zashin & Rich Co., L.P.A., George S. Crisci, and Scott H. DeHart, for appellee.

––––––––––––––––––