[Cite as *Wysong v. Dayton City Hall*, 2025-Ohio-4329.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| STEPHANIE A. WYSONG | Case No. 2025-00002PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>JUDGMENT ENTRY</u> |
| CITY OF DAYTON CITY HALL | |
| Respondent | |

{¶1} Before the Court are several post-judgment filings in this public-records case, including Requester's filing of August 4, 2025, which has been labeled on the docket as "(Second Corrected) Requester's Response to Respondent's August 1, 2025 Certification." The Court construes this filing to be a combined response and motion because, in the filing, Requester responds to a filing submitted by Respondent and Requester asks the Court to make specified rulings on several requests.[1] Requester's motion shall be denied for reasons discussed below.

{¶2} A review of the docket shows that, on January 2, 2025, Requester, a self-represented litigant, sued Respondent, alleging a denial of access to public records in violation of R.C. 149.43(B). After mediation failed to successfully resolve all disputed issues between the parties, a court-appointed Special Master issued a Report and Recommendation. Requester thereafter objected to the Special Master's Report and Recommendation.

{¶3} On May 23, 2025, in a Decision and Entry, the Court made determinations, overruled Requester's objections, adopted the Report and Recommendation, and issued

---

[1]    Pursuant to Civ.R. 7(B)(1), an application to the court for an order "shall be by motion which, unless made during a hearing or a trial, shall be made in writing." *See Ohio Patrolman's Benevolent Assn. v. City of Cleveland*, 2024-Ohio-2651, ¶ 24 (discussing what constitutes a motion in civil litigation). Ohio courts "may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 2008-Ohio-545, ¶ 12, citing *State v. Bush,* 2002-Ohio-3993, citing *State v. Reynolds*, 79 Ohio St.3d 158 (1997).

several orders.   (Decision and Entry dated May 23, 2025.)   The Court found that Respondent violated R.C. 149.43(B)(1)'s mandate that records be produced within a reasonable period of time.  The Court ordered Respondent (1) to retrieve and produce, on a request by request basis, all records responsive to the requests reproduced in the Special Master's Report and Recommendation's Appendix or to certify, on a request by request basis, that no responsive records exist, (2) to take these actions within 30 days of the date of the Decision and Entry, and (3) to certify its performance of those actions within 40 days of the date of the Decision and Entry.  The Court also ordered that Requester was entitled to recover from Respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that were incurred by Requester, excepting attorney fees.  The Court denied all other relief sought by Requester and the Court assessed court costs against Respondent. (Decision and Entry dated May 23, 2025.)

{¶4} On June 23, 2025, in a written filing, Respondent, through counsel, identified its compliance with many of the Court's orders issued on May 23, 2025, and Respondent advised that it needed additional time to obtain responsive records from a third-party vendor.   On Respondent's motion, the Court granted Respondent's request for an extension of time to fully comply with the Court's orders issued on May 23, 2025.  The Court ordered Respondent (1) to retrieve and produce to Requester, on a request by request basis, all records responsive to the requests reproduced in the Report and Recommendation's appendix or to certify, on a request by request basis, that no responsive records exist on or before July 31, 2025; and (2) to certify, in writing, its performance of these actions on or before August 11, 2025.  (Entry dated June 26, 2025.)

{¶5} On August 1, 2025, Respondent, through counsel, filed a response wherein it stated, in part: "[The] records were requested and retrieved from the third-party vendor and subsequently produced to the Requester via email on Monday, July 28, 2025. No reply has been received to the email containing the records as of this filing."   In the response, Respondent certified that "it has substantially complied with the order of this Court."

{¶6} On August 4, 2025, Requested submitted several filings with accompanying attachments, which have been denominated as responses on the Court's docket.  The

last response filed on August 4, 2025, is denominated as "(Second Corrected) Requester's Response to Respondent's August 1, 2025 Certification" and it is accompanied by a Certificate of Service attesting that Requester served a copy of the filing on Respondent's counsel by means of email on August 4, 2025. Included with Requester's filing is a copy of an email from Respondent's counsel that shows four labeled electronic files were attached to an email from Respondent's counsel to Requester. On August 19, 2025, without leave, Requester filed a document labeled "Supplement To Requester's August 4, 2025 Response" for the purpose of "updat[ing] the Court's record regarding Respondent's conduct and subsequent mailing, so that the Court has a complete picture of Respondent's actions in evaluating compliance with its Orders."

{¶7} In the (Second Corrected) Requester's Response, Requester challenges the legal sufficiency of Respondent's filing of August 1, 2025, and maintains that Respondent, through its conduct, has obstructed Requester's rights. Requester asks the Court to

1. Reject Respondent's August 1 certification as noncompliant;

2. Order Respondent to file a proper request-by-request certification.

3. Order that:

- All records must be resent in an accessible format,

- Each document must be clearly labeled to show which of the original requests it corresponds to,

- Any nonexistence certification must include an affidavit stating how it was determined;

4. Retain jurisdiction to consider appropriate relief under R.C. 149.43(C), should Respondent continue to delay, deflect, or obscure the record production process.

(Second Corrected) Requester's Response to Respondent's August 1, 2025 Certification.

{¶8} As of August 21, 2025, Respondent has not filed a timely written response to Requester's combined motion and response of August 4, 2025, as permitted by this Court's Local Rules and the Ohio Rules of Civil Procedure. *See* L.C.C.R. 4(C) ("[e]ach party opposing [a] motion shall serve and file, within fourteen days after service of the

movant's motion, a brief written statement of reasons in opposition to the motion and the authorities upon which the party relies"); *see also* Civ.R. 6(C)(1) ("[r]esponses to a written motion, other than motions for summary judgment, may be served within fourteen days after service of the motion") and 5(D) ("[a]ny paper after the complaint that is required to be served shall be filed with the court within three days after service"). Requester's motion, as set forth in Requester's "(Second Corrected) Requester's Response to Respondent's August 1, 2025 Certification," is therefore before the Court for determination.

{¶9} Upon careful consideration and review, the Court is not persuaded by Requester's application for an order compelling Respondent to re-send documents to Requester. R.C. 149.43(B)(6) allows a requester to specify the medium for the duplication of a public record. Under R.C. 149.43(B)(6), Respondent, as the public office responsible for a public record, is statutorily required to permit a requester to choose to have the public record duplicated upon paper, upon the same medium upon which Respondent keeps it, "or upon any other medium upon which the public office or person responsible for the public record determines that it reasonably can be duplicated as an integral part of the normal operations of the public office or person responsible for the public record." R.C. 149.43(B)(6). Under R.C. 149.43(B)(6) Respondent also is required to provide a copy of the requested record in accordance with the choice made by a requester under R.C. 149.43.

{¶10} Based on the Court's review of Respondent's filings of June 23, 2025, and August 1, 2025, it appears to the Court that Respondent has substantially complied with this Court's orders issued on May 23, 2025, and June 26, 2025. It further appears that, in Requester's motion, Requester asks the Court to impose additional conditions and obligations that were not ordered by the Court on May 23, 2025, or June 26, 2025. Given Respondent's substantial compliance with this Court's orders, Requester's application for this Court to retain jurisdiction is not well taken.

{¶11} Accordingly, for reasons discussed above, Requester's motion, as set forth in the "(Second Corrected) Requester's Response to Respondent's August 1, 2025 Certification" filed on August 4, 2025, is DENIED. The Court's Decision and Entry issued

on May 23, 2025, its Entry issued on June 26, 2025, and this Entry collectively constitute this Court's final judgment for purposes of R.C. 2743.75(F)(2).


_____
LISA L. SADLER
Judge

**Filed August 26, 2025**
**Sent to S.C. Reporter 9/15/25**